## PEOPLE v WADE

1. CONSTITUTIONAL LAW—TITLE-OBJECT CLAUSE—PURPOSES.

    The purposes of the title-object clause of the constitution are: (1) to insure that legislators pass only those bills of which they are fully apprised, and (2) to minimize public ignorance of the law by making the law more accessible (Const 1963, art 4, § 24).

2. STATUTES—NEW LEGISLATION—GERMANE LEGISLATION—AMENDMENTS—SEVERAL STATUTES—CHOICE.

    The Legislature, when passing new legislation, is free to enact an entirely new and independent act or to add the legislation as an amendment to any act to which the subject matter of the new legislation is germane, auxiliary or incidental; where there are a number of existing acts to which the new legislation is germane, the Legislature's choice to amend one of those statutes to include the new legislation will not be held invalid merely because an alternative location might appear to some to be more appropriate.

3. CONSTITUTIONAL LAW—TITLE-OBJECT CLAUSE—STATUTES—TITLE AS INDEX.

    The title of an act does not have to provide an index to the various sections included under the act to meet the requirements of the title-object clause of the constitution (Const 1963, art 4, § 24).

4. STATUTES—PRISONS—TITLE-OBJECT CLAUSE—DEPARTMENT OF CORRECTIONS ACT—FURLOUGHS—ESCAPE.

    The title to the department of corrections act states that it applies to the administration of penal institutions and the title sets out the powers and duties of the department; the object of the amendatory section of the act empowering the department to authorize temporary furloughs or work-release programs is manifestly within the language of the title (MCLA 791.201 *et seq.;* MSA 28.2271 *et seq.).*

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 16 Am Jur 2d, Constitutional Law § 157 *et seq.*
  73 Am Jur 2d, Statutes § 97 *et seq.*

Appeal from Jackson, R. E. Noble, J. Submitted June 20, 1977, at Lansing. (Docket No. 29125.) Decided August 22, 1977.

Albert L. Wade was charged with prison escape. Defendant moved to dismiss the charge on grounds that the statute creating the offense was unconstitutional. Motion granted. The prosecution appeals. Reversed and remanded for reinstitution of the charges.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

H. D. STAIR, J. Defendant Albert Lee Wade was charged with prison escape, in violation of MCLA 750.193; MSA 28.390. Specifically, he was charged with failing to return to his place of confinement, Camp Pontiac, at the designated time following a two-day furlough granted to him by the superintendent of corrections camps.

Defendant filed a motion to dismiss the charge. In his motion he alleged that MCLA 791.265(a)(3); MSA 28.2325(1)(3), which states that a wilful failure of a prisoner to return to a prison facility following an authorized furlough will be deemed an escape under the provisions of MCLA 750.193; MSA 28.390, was unconstitutional as a violation of the "title-body" clause of the Michigan Constitution. Const 1963, art 4, § 24. The trial court heard arguments on the matter and issued an opinion and order holding the statute unconstitutional and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dismissing the charge. The prosecution now appeals from the trial court's order.

MCLA 791.265(a); MSA 28.2325(1), reads as follows:

"Sec. 65a. (1) The Director may extend the limits of the place of confinement of a prisoner as to whom there is reasonable cause to believe the prisoner will honor his trust, by authorizing the prisoner, under prescribed conditions, to:

(a) Visit a specifically designated place or places for a period not to exceed 30 days. An extension of limits may be granted only to permit a visit to a critically ill relative, attendance at the funeral of a relative, the obtaining of medical services not otherwise available, the contacting of prospective employers, or for any other compelling reason consistent with the public interest.

(b) Work at paid employment or to participate in a training program in the community on a voluntary basis while continuing as a prisoner of the institution or facility to which he is committed.

(2) The director shall promulgate rules to implement this section.

(3) The wilful failure of a prisoner to remain within the extended limits of his confinement or to return within the time prescribed to an institution or facility designated by the director shall be deemed an escape from custody as provided in section 193 of Act No. 328 of the Public Acts of 1931, as amended, being section 750.193 of the Michigan Compiled Laws.

(4) The state of Michigan shall reimburse each county in which a state penal institution is located for reasonable costs incurred by that county in the prosecution of escape cases based upon the violation of the provisions of this section. Each county shall submit monthly its itemized costs to the department of corrections. After determination of the reasonableness of the amount to be paid, payment shall be made in accordance with the accounting laws of the state. The determination of reasonableness by the department of corrections shall be conclusive.

(5) Prisoners convicted of a crime of violence or any assaultive crime shall not be eligible for the releases provided in this section (1) until such time as the minimum sentence imposed for the crime has less than 180 days remaining, except that where the reason for the release is to visit a critically ill relative, attend the funeral of a relative, or obtain medical services not otherwise available, the director may allow the release under escort for a period not to exceed 30 days.

(6) Prisoners serving a sentence for murder in the first degree shall not be eligible for the releases under this section prior to initiation of official processing for commutation, and in no case prior to service of 15 calendar years with a good institutional adjustment."

The statute was passed as a portion of 1974 PA 68, an amendment to the state department of corrections act, 1953 PA 232, MCLA 791.201 *et seq.;* MSA 28.2271 *et seq.*

The trial court held that MCLA 791.265(a)(3); MSA 28.2325(1)(3), violated the title-object clause of the constitution because the subject matter of the subsection was not related to or expressed within the title to the department of corrections act. The court reasoned that the Legislature had invalidly attempted to amend the Penal Code, specifically MCLA 750.193; MSA 28.390, "by reference and without referral thereto".

The title to the department of corrections act reads:

"AN ACT to revise, consolidate and codify the laws relating to probationers and probation officers as herein defined, to pardons, reprieves, commutations and paroles, to the administration of penal institutions, correctional farms and probation recovery camps, to prison labor and prison industries, and the supervision and inspection of local jails and houses of correction; to create a state department of corrections, and to prescribe its powers and duties; to provide for the transfer

to and vesting in said department of powers and duties vested by law in certain other state boards, commissions and officers, and to abolish certain boards, commissions and offices the powers and duties of which are hereby transferred; to prescribe penalties for the violation of the provisions of this act; and to repeal all acts and parts of acts inconsistent with the provisions of this act."

The question before this court is whether this language embraces the amending statute's definitional provisions.

The title-object clause, Const 1963, art 4, § 24, states that:

"No law shall embrace more than one object, which shall be expressed in its title."

This court has recently held that the purposes of the clause are two-fold:

"(1) to ensure that legislators pass only those bills of which they are fully apprised, and (2) to minimize public ignorance of the law by making the law more accessible." *People v Recorder's Court Judge #2,* 73 Mich App 156, 161; 250 NW2d 812 (1977).

The thrust of defendant's argument concerns the second purpose, the question of whether the public, having read the title of the act, would be informed of the possible inclusion of the amending statute.

In *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974), the Michigan Supreme Court provided a framework for analysis for cases concerning the title-object clause. The *Milton* court, citing *Loomis v Rogers,* 197 Mich 265, 271; 163 NW 1018 (1917), stated:

"When passing new legislation, the Legislature is free either to enact an entirely new and independent act or amend any act to which the subject of the new legislation is 'germane, auxiliary or incidental'.

Not infrequently there will be a number of existing acts to which the new legislation would be germane, auxiliary or incidental. The legislative choice will not be held invalid merely because an alternative location for the new legislation might appear to some more appropriate." 393 Mich at 241.

In *Loomis v Rogers, supra,* the Court held that the title of an act does not have to provide an index to the various sections included under the act:

"An abridgement of all those sections is not essential to a sufficient title. While it contains various related provisions not directly indicated or enumerated in the title, under the construction of this constitutional requirement, as many times reviewed by this court, if the act centers to one main general object or purpose which the title comprehensively declares, though in general terms, and if provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to that general purpose, the constitutional requirement is met." 197 Mich at 271.

See also *People ex rel Wayne Prosecuting Attorney v Sill,* 310 Mich 570, 574; 17 NW2d 756 (1945).

Using the test set out in *Milton, supra,* and *Loomis, supra,* this Court finds that the trial court erred in finding MCLA 791.265(a)(3); MSA 28.2325(1)(3), violative of the title-object clause. The title to the department of corrections act states in part that it applies to "the administration of penal institutions", and that it sets out the "powers and duties" of the department. The object of MCLA 791.265(a); MSA 28.2325(1), dealing with the power of the department to authorize tempo-

rary furloughs or work-release programs, is manifestly within the language of the title. We find that subsection (3), concerning the consequences of a prisoner violation of a furlough, is sufficiently "germane, auxiliary, or incidental" to the scope of the amendment to make it constitutionally valid.

This Court does recognize that the subsection in question could have been added as an amendment to MCLA 750.103; MSA 28.390. However, we cannot overturn the statute solely on our opinion as to the Legislature's wisdom in choosing where to include the provision.

"The constitutional validity of an amendatory statute does not turn on an appraisal of whether it was located in the most appropriate of the possibly many statutes to which it is germane." *People v Milton, supra,* at 242.

The order of the trial court holding MCLA 791.265(a)(3); MSA 28.2325(1)(3) unconstitutional is reversed and the matter is remanded to the trial court for reinstitution of the charges against defendant.