Owens, P.J.
 

 Defendant was charged with twelve counts of encumbering property with the intent to harass or intimidate, MCL 600.2907a(2). The trial court granted defendant’s motion to dismiss the charges, concluding that the statute violated the Title-Object Clause, Const 1963, art 4, § 24. The prosecution appeals as of right. We reverse and remand.
 

 This case arises out of allegations that defendant improperly filed liens against the real property of twelve individuals. In a separate case, the circuit court concluded that the liens were without legal effect and discharged the liens. This case involves the criminal charges filed against defendant: twelve counts of encumbering real property without lawful cause in violation of MCL 600.2907a. Enacted as part of the Revised Judicature Act (RJA), MCL 600.2907a(2) provides as follows:
 

 A person who violates section 25 of chapter 65 of the Revised Statutes of 1846 [MCL 565.25], by encumbering property through the recording of a document without lawful cause with the intent to harass or intimidate any person is guilty of a felony punishable by imprisonment for not more than 3 years or a fine of not more than $5,000.00, or both.
 

 Defendant moved to dismiss the charges, contending that MCL 600.2907a(2)
 
 [1]
 
 was unconstitutional
 
 *84
 
 because it violated the Title-Object Clause, Const 1963, art 4, § 24, which provides: “No law shall embrace more than one object, which shall be expressed in its title. No bill shall be altered or amended on its passage through either house so as to change its original purpose as determined by its total content and not alone by its title.” Generally, the “purpose of the clause is to prevent the Legislature from passing laws not fully understood, to ensure that both the legislators and the public have proper notice of legislative content, and to prevent deceit and subterfuge.”
 
 Phinney v Perlmutter,
 
 222 Mich App 513, 552; 564 NW2d 532 (1997). Although we review de novo whether a statute violates the Title-Object Clause, “all possible presumptions should be afforded to find constitutionality.”
 
 Id.
 
 at 551.
 

 In
 
 People v Kevorkian,
 
 447 Mich 436, 453; 527 NW2d 714 (1994), our Supreme Court explained that “[t]hree kinds of challenges may be brought against statutes on the basis of Const 1963, art 4, § 24: (1) a ‘title-body’ challenge, (2) a multiple-object challenge, and (3) a change of purpose challenge.” In the present case, defendant raises both a title-body challenge and a change of purpose challenge.
 

 In regard to a title-body challenge, we have noted that “ ‘[t]he title of an act must express the general propose or object of the act.’
 
 ” HJ Tucker & Associates, Inc v Allied Chucker & Engineering Co,
 
 234 Mich App 550, 559; 595 NW2d 176 (1999), quoting
 
 Ray Twp v B & BS Gun Club,
 
 226 Mich App 724, 728; 575 NW2d 63 (1997). However, we also recognized that “the title of an act need not be an index to all the provisions of the act.”
 
 Tucker, supra
 
 at 559. Instead, the test is merely “whether the title gives fair notice to
 
 *85
 
 the legislators and the public of the challenged provision.”
 
 Id.
 
 It is only “ ‘where the subjects are so diverse in nature that they have no necessary connection,’ ” that we will find the fair notice aspect has been violated.
 
 Id.,
 
 quoting
 
 Mooahesh v Dep’t of Treasury,
 
 195 Mich App 551, 569; 492 NW2d 246 (1992). Here, the title of the rja provides:
 

 An act to revise and consolidate the statutes relating to the organization and jurisdiction of the courts of this state; the powers and duties of such courts, and of the judges and other officers thereof; the forms and attributes of civil claims and actions; the time within which civil actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in civil and criminal actions and proceedings in said courts;
 
 to provide remedies and penalties for the violation of certain provisions of this act;
 
 to repeal all acts and parts of acts inconsistent with or contravening any of the provisions of this act; and to repeal acts and parts of acts. [Emphasis added.]
 

 The gravamen of defendant’s argument is that MCL 600.2907a(2) provides a penalty for violating MCL 565.25 — a statutory provision that is not part of the rja — and, therefore, exceeds the scope of the highlighted language above.
 

 However, by its own terms, MCL 600.2907a(2) proscribes “encumbering property through the recording of a document without lawful cause with the intent to harass or intimidate any person . . . .” Although MCL 565.25 supplements MCL 600.2907a by providing additional detail regarding the entry of liens, we believe that the proscribing language of MCL 600.2907a(2) is sufficient to qualify as a freestanding provision of the rja. Accordingly, providing a penalty for the proscribed conduct was within the scope of the title of
 
 *86
 
 the rja. Moreover, because the proscribed conduct constitutes an abuse of the judicial system, providing penalties for an abuse of that system is certainly a subject that is sufficiently related to the purpose of the rja. In other words, we are not persuaded that the subject of the provision and the subject of the act are diverse enough to raise concerns about “fair notice.” See
 
 Tucker, supra
 
 at 559. Consequently, defendant’s title-body challenge to MCL 600.2907a(2) is without merit.
 

 As noted above, defendant also makes a “change of purpose” challenge to MCL 600.2907a. Our Supreme Court has ruled that “the test for determining if an amendment or substitute changes a purpose of the bill is whether the subject matter of the amendment or substitute is germane to the original purpose.”
 
 Kevorkian, supra
 
 at 461. For the same reasons as set forth above, we conclude that the subject matter of MCL 600.2907a(2) is germane to the subject matter of the rja’s original purpose. Indeed, the rja is an appropriate act to proscribe and provide penalties for an abuse of the judicial system. Thus, defendant’s “change of purpose” challenge to MCL 600.2907a(2) is also without merit. Therefore, we conclude that the trial court erred as a matter of law in declaring MCL 600.2907a(2) unconstitutional.
 

 Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 Defendant also contended that MCL 565.25 was unconstitutional; however, defendant was not charged with violating this statute; accordingly, we decline to address its constitutionality.