PEOPLE v LOPER

Docket No. 308026. Submitted February 5, 2013, at Grand Rapids. Decided February 14, 2013, at 9:00 a.m.

Richard Allen Loper pleaded guilty in the St. Joseph Circuit Court to one count each of possessing child sexually abusive material, MCL 750.145c(4)(a), and using a computer to commit a crime, MCL 752.796. He was sentenced by the court, Paul E. Stutesman, J., to 23 months to 7 years in prison on the conviction for the use of a computer to commit a crime and 357 days in jail on the conviction for the possession of child sexually abusive material. Defendant appealed.

The Court of Appeals *held*:

1. A statute might be unconstitutionally vague if it fails to provide fair notice of the conduct proscribed, or it is so indefinite that it confers unlimited and unstructured discretion on the trier of fact to determine whether an offense has occurred. A vagueness challenge must be examined on the basis of the facts at hand when a First Amendment freedom is not involved; child pornography is not protected by the First Amendment. A defendant may not raise a vagueness challenge when his or her own conduct is fairly within the constitutional scope of the statute. The fact that a hypothetical may be posed that would cast doubt on the statute does not render it constitutionally vague. Rather, the test is whether the statute, as applied to the defendant's conduct, is constitutional. MCL 750.145c(4) is not unconstitutionally vague as applied to defendant through the scoring of the sentencing guidelines. Offense variable (OV) 12 (contemporaneous felonious acts), MCL 777.42, should be scored 25 points when three or more contemporaneous felonious criminal acts involving a crime against a person are involved. OV 13 (continuing pattern of criminal behavior), MCL 777.43, should be scored 25 points when the sentencing offense was part of a pattern of felonious criminal activity involving three or more crimes against a person. All crimes within a five-year period, including the sentencing offense are counted when assessing points regardless of whether the offense resulted in a conviction. Even though MCL 750.145c(4) might prohibit both a single image of child sexually abusive material and a collection of images

of such material, resulting in a variance in the number of criminal charges that could be brought in cases in which there was a collection of separate images of child sexually abusive material, such a distinction was irrelevant to the facts of this case. Defendant had more than 100 individual images of child sexually abusive material in his possession and 4 computer disks containing the images; the numerical quantity of individual images and computer disks containing the illegal images were independently sufficient to support the trial court scoring OV 12 at 25 points, and OV 13 at 25 points if the trial court had assessed such points. Accordingly, MCL 750.145c(4) was not unconstitutional as applied to defendant.

2. Under MCL 750.145c(4), a person who knowingly possesses any child sexually abusive material has both actual and constructive possession. Constructive possession, which may take place over an extended period of time, occurs when an individual knowingly has the power and the intention at a given time to exercise dominion or control over contraband either directly or through another person or persons. The trial court properly assessed defendant 25 points for OV 12 because there was evidence to support a finding of three or more contemporaneous acts of possession of child sexually abusive material; the trial court could reasonably infer that defendant had possessed the four disks of child sexually abusive material beginning in 2007 or before and that he had possessed all four disks within 24 hours of the offense date.

3. Statutes that address the same subject or share a common purpose are *in pari materia* and must be read together as a whole. Defendant was punished for two separate crimes; MCL 750.145c(4) and MCL 752.796 are not *in pari materia* because they do not address the same subject or share a common purpose. The subject of MCL 750.145c(4) is the possession of child sexually abusive material and its purpose is to criminalize the possession of that material in a variety of formats. MCL 752.796, however, plainly addresses the use of a computer to commit a crime and its purpose is to criminalize such use. Defendant was punished under MCL 750.145c(4) for possession of child sexually abusive material, as accomplished by downloading the material with a computer. Defendant's use of a computer to download the material was separately criminalized by MCL 752.796(1). The Legislature knowingly criminalized the possession of the materials, as well as the use of a particular instrumentality to accomplish that illegal possession.

4. The Title-Object Clause of the Michigan Constitution, Const 1963, art 4, § 24, provides that no law shall embrace more than one object, which shall be expressed in its title. The purpose of the clause it to ensure that laws are fully understood, that both the legislators and the public have proper notice of legislative content, and to prevent deceit and subterfuge. A statute may be challenged under the Title-Object Clause on the basis of (1) a title-body challenge, (2) a multiple-object challenge, and (3) a change of purpose challenge. The test for a title-body violation is whether the title gives fair notice to the legislators and the public of the challenged provision. The fair notice aspect has been violated only when an act's subjects are so diverse in nature that they have no necessary connection. Provisions in the body of the act not directly mentioned in the title must be germane, auxiliary, or incidental to the general purpose of the title of the act. MCL 752.796(1), as amended by 1996 PA 326, does not violate the Title-Object Clause. The purpose of the 1996 PA 326 title was to amend 1979 PA 53, and the body of 1996 PA 326 accomplished that purpose by altering MCL 752.796. The 1996 PA 326 title gave legislators and the public fair notice of the act's purpose and the challenged portion of the body of 1996 PA 326 was at least germane, auxiliary, or incidental to the general purpose of the 1996 PA 326 title because it amended 1979 PA 53.

5. Defendant waived his challenge to the scoring of prior record variable 6 because he agreed at sentencing with the trial court's assessment of points.

Affirmed.

1. STATUTES — *IN PARI MATERIA* — POSSESSION OF CHILD SEXUALLY ABUSIVE MATERIALS — USE OF COMPUTERS TO COMMIT CRIMES.

MCL 750.145c(4), which criminalizes the possession of child sexually abusive material in a variety of formats, and MCL 752.796, which addresses and criminalizes the use of a computer to commit a crime, are not *in pari materia* because they do not address the same subject or share a common purpose; the Legislature knowingly criminalized the possession of such materials, as well as the use of a particular instrumentality to accomplish that illegal possession; they are two separate crimes that can be charged separately.

2. CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE — TITLE-BODY CHALLENGE — POSSESSION OF CHILD SEXUALLY ABUSIVE MATERIALS.

MCL 752.796(1), as amended by 1996 PA 326, does not violate the Title-Object Clause of the Michigan Constitution (Const 1963, art 4, § 24).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Laura A. Cook*, Assistant Attorney General, for the people.

*Julianne Meyer-Sorek* for defendant.

Before: BECKERING, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM. Defendant pleaded guilty to one count of possessing child sexually abusive material, MCL 750.145c(4)(a), and to one count of using a computer to commit a crime, MCL 752.796. Defendant was sentenced to 23 months to 7 years' imprisonment for the use of a computer to commit a crime, and to 357 days in jail for the possession of child sexually abusive material. Defendant appeals by leave granted. We affirm.

## I. FACTS

In late October, 2008, defendant's ex-wife, Melissa, contacted Three Rivers Police Sergeant Karl Huhnke and gave him eight computer disks. Huhnke reviewed the disks and discovered that some contained hundreds of pornographic images of young girls. Three Rivers Police Sergeant Mike Mohney examined the disks and determined that four disks contained images of prepubescent children posing without clothing on or performing sexual acts on animals or people. Mohney estimated that there were at least 100 distinct images of child pornography contained in the four disks. Mohney testified at defendant's preliminary examination that the images were likely downloaded to the disks around May, 2007. However, because of the duplicative nature of the images,

Mohney believed that the images were actually downloaded to defendant's computer at a date prior to May, 2007.

At defendant's preliminary examination, Mohney testified that he had interviewed defendant on March 8, 2010. During that interview, Mohney showed defendant six images contained on the disks, and defendant admitted to downloading those images to his computer, and then onto a disk. During the preliminary examination, defendant stipulated that four disks contained images of naked children in sexual poses. The district court concluded that "one count can encompass all of the material," and bound defendant over to the circuit court on one count of possession of child sexually abusive material, and one count of using a computer to commit a crime.

On March 25, 2011, the circuit court held a hearing at which defendant pleaded guilty to one count of possession of child sexually abusive material and to one count of using a computer to commit that crime. Defendant admitted that between 2007 and 2008, he had used a computer to obtain the images from the internet. He admitted that the images were of minors under the age of 15 years old involved in sexual acts and that he had known that the images were of minors involved in sexual acts at the time he obtained them.

## II. SENTENCING

Defendant challenges his sentence on constitutional and nonconstitutional grounds. Defendant's constitutional challenge is that the statute governing possession of child sexually abusive material, MCL 750.145c, is unconstitutionally vague. Due to that statute's vagueness, defendant argues, the trial court erred by assessing 25 points for offense variable (OV) 12, MCL 777.42

(contemporaneous felonious acts). He also argues that the court would have erred had it assessed 25 points for OV 13, MCL 777.43 (continuing pattern of criminal behavior).[1] We disagree, and conclude that MCL 750.145c is not unconstitutionally vague when applied to defendant's conduct in the instant case.

With regard to his nonconstitutional challenge, defendant argues that the trial court erred by assessing 25 points for OV 12 because the additional felonious acts that justified the score were not "contemporaneous" within the meaning of the sentencing statute. Again, we disagree.

### A. ISSUE PRESERVATION AND STANDARDS OF REVIEW

A challenge to a sentence that is within the guidelines sentence range is preserved when it is raised at sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals. MCL 769.34(10). Defendant argued in the lower court that MCL 750.145c should not apply to individual images of child sexually abusive material, but did not raise the specific guideline scoring arguments he presents on appeal. Accordingly, these issues on appeal are unpreserved.

---

[1] The trial court did not score OV 13 because it had scored OV 12, and, generally, both cannot be scored on the basis of the same conduct. MCL 777.43(2)(c). Defendant nonetheless argues that OV 13 could not have been scored under any circumstances. In making this argument, defendant presumably anticipated the prosecution's argument that even if the trial court erred with regard to OV 12, that error does not justify resentencing because OV 13 could have been scored and defendant's minimum guidelines range would not have changed. Indeed, the prosecution raised this very argument. Accordingly, we will consider defendant's challenge regarding whether OV 13 could have been scored, as doing so informs our ultimate task of determining whether to remand for resentencing.

Even though defendant did not preserve this issue for appeal, this Court may review an unpreserved scoring issue for plain error affecting substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004). To avoid forfeiture of the issue under the plain error rule, the defendant bears the burden to show that "1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (citation omitted). Moreover, even if a defendant successfully demonstrates a plain error affecting his substantial rights, the reviewing court still has "discretion in deciding whether to reverse. Reversal is warranted only when the plain . . . error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* (quotation marks and citation omitted). Appellate courts review de novo the constitutionality of a statute. *People v Nichols*, 262 Mich App 408, 409; 686 NW2d 502 (2004).

## B. VAGUENESS

Defendant argues that the trial court erred with regard to OV 12 (and would have erred with regard to OV 13 had it been scored), because MCL 750.145c is unconstitutionally vague. We disagree.

"The 'void for vagueness' doctrine is derived from the constitutional guarantee that the state may not deprive a person of life, liberty, or property, without due process of law." *People v Roberts*, 292 Mich App 492, 497; 808 NW2d 290 (2011) (quotation marks and cita-

tion omitted); US Const, Am XIV; Const 1963, art 1, § 17. "A statute might be unconstitutionally vague if, among other reasons, it fails to provide fair notice of the conduct proscribed or is so indefinite that it confers unlimited and unstructured discretion on the trier of fact to determine whether an offense has occurred." *People v Lockett*, 295 Mich App 165, 174; 814 NW2d 295 (2012) (quotation marks and citation omitted). "Statutes are presumed to be constitutional," and to overcome that presumption, the unconstitutionality must be readily apparent. *People v Malone*, 287 Mich App 648, 658; 792 NW2d 7 (2010). The party challenging a statute's constitutionality has the burden of proving its invalidity. *Id.*

When a vagueness challenge does not involve First Amendment freedoms it must be examined on the basis of the facts in the case at hand. *Nichols*, 262 Mich App at 410. It is well-established that child pornography does not implicate the First Amendment. *New York v Ferber*, 458 US 747, 764; 102 S Ct 3348; 73 L Ed 2d 1113 (1982); *Roberts*, 292 Mich App at 501. Accordingly, this Court has held:

> A defendant may not challenge a statute as unconstitutionally vague when the defendant's own conduct is fairly within the constitutional scope of the statute. The fact that a hypothetical may be posed that would cast doubt upon the statute does not render it unconstitutionally vague. Rather, the analysis must center on whether the statute, *as applied to the actions of the individual defendant*, is constitutional. [*Malone*, 287 Mich App at 658-659 (citations omitted and emphasis added).]

In other words, when a defendant brings an as-applied vagueness challenge to a statute, the defendant is confined to the facts of the case at bar. See also *People v Newton*, 257 Mich App 61, 66; 665 NW2d 504 (2003) ("The proper inquiry is not whether the statute may be

susceptible to impermissible interpretations, but whether the statute is vague as applied to the conduct allegedly proscribed in this case.") (quotation marks and citation omitted).

MCL 750.145c(4) provides:

> A person who knowingly possesses any child sexually abusive material is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $10,000.00, or both, if that person knows, has reason to know, or should reasonably be expected to know the child is a child or that the child sexually abusive material includes a child or that the depiction constituting the child sexually abusive material appears to include a child, or that person has not taken reasonable precautions to determine the age of the child.

In turn, MCL 750.145c(1)(m) defines "child sexually abusive material" as:

> [A]ny depiction, whether made or produced by electronic, mechanical, or other means, including a developed or undeveloped photograph, picture, film, slide, video, electronic visual image, computer diskette, computer or computer-generated image, or picture, or sound recording which is of a child or appears to include a child engaging in a listed sexual act; a book, magazine, computer, computer storage device, or other visual or print or printable medium containing such a photograph, picture, film, slide, video, electronic visual image, computer, or computer-generated image, or picture, or sound recording; or any reproduction, copy, or print of such a photograph, picture, film, slide, video, electronic visual image, book, magazine, computer, or computer-generated image, or picture, other visual or print or printable medium, or sound recording.

A "child" means a person who is less than 18 years old. MCL 750.145c(1)(b). A "listed sexual act" is defined as "sexual intercourse, erotic fondling, sado-

masochistic abuse, masturbation, passive sexual involvement, sexual excitement, or erotic nudity." MCL 750.145c(1)(h).

Defendant argues in this case that MCL 750.145c(4) is unconstitutionally vague because both a single image of child sexually abusive material and a collection of images of child sexually abusive material are prohibited, resulting in a variance in the number of criminal charges that could be brought by prosecutors in cases in which there is a collection of separate images of child sexually abusive material. Defendant argues that because of this ambiguity, the trial court improperly assessed 25 points for OV 12 (and would have improperly scored OV 13 had points been assigned), despite the fact that he was bound over on only one count.

OV 12 should be scored at 25 points when "[t]hree or more contemporaneous felonious criminal acts involving crimes against a person were committed." MCL 777.42(1)(a). A felonious criminal act is contemporaneous if the act occurred within 24 hours of the sentencing offense and the act "has not and will not result in a separate conviction." MCL 777.42(2)(a). "Crimes against a person" for the purpose of scoring OV 12 are those crimes with the offense category designated as "person" under MCL 777.11 to MCL 777.18. *People v Wiggins*, 289 Mich App 126, 131; 795 NW2d 232 (2010). MCL 777.16g(1) designates possession of child sexually abusive material as a crime against a person. "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012).

Under OV 13, the trial court should assign a score of 25 points when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes

against a person." MCL 777.43(1)(c). "[A]ll crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

Defendant's vagueness argument relies on the distinction between individual images of child sexually abusive material and collections of images of child sexually abusive material (such as the disks in this case). In the instant case, however, defendant's distinction between the number of images and the number of collections of images is irrelevant: the number of images (over 100) or the number of disks (four) were sufficient to find that defendant possessed three or more different child sexually abusive materials, which in turn is enough to satisfy the numerical threshold for both OV 12 and OV 13. MCL 777.42(1)(a) (requiring a 25-point score for "three or more contemporaneous" felonies); MCL 777.43(1)(c) (requiring a 25-point score for "a pattern of felonious activity involving 3 or more crimes against a person"). We therefore conclude that, as applied to defendant's conduct and the sentencing guidelines at issue in the instant case, MCL 777.43(1)(c) is not unconstitutionally vague. We decline to reach his hypothetical vagueness challenge, as doing so would require us to consider facts not at issue in the case at bar. *Malone*, 287 Mich App at 658-659; *Newton*, 257 Mich App at 66.

### C. OV 12

Defendant also argues that, even if MCL 750.145c is not unconstitutionally vague, the trial court erred when it assessed 25 points for OV 12 because it relied on prior felonious acts that were not "contemporaneous" within the meaning of MCL 777.42(1)(a). We disagree.

The trial court listed October 23, 2008 as the offense date.[2] The trial court assessed 25 points for OV 12 on the basis that there were three or more contemporaneous acts of possession of child sexually abusive material. At the preliminary examination, Mohney testified that based on his review of the "properties" section of the disks that recorded when they were created, the majority of the child sexually abusive material was downloaded onto the four disks "around May 2007." Defendant argues that the act of possession of the disks began well over a year before the date of the offense, and therefore so did the "three or more . . . felonious acts . . ." that the trial court relied on to justify its score of 25 points for OV 12. MCL 777.42(1)(a).

However, "the phrase '[a] person who knowingly possesses any child sexually abusive material' in MCL 750.145c(4) includes both actual and constructive possession." *People v Flick*, 487 Mich 1, 4; 790 NW2d 295 (2010). "[A] defendant constructively possesses 'any child sexually abusive material' when he knowingly has the power and the intention at a given time to exercise dominion or control over the contraband either directly or through another person or persons." *Id.* at 15. Possession of contraband is an ongoing offense that may take place over an extended period. *People v Burgenmeyer*, 461 Mich 431, 439; 606 NW2d 645 (2000). Accordingly, the facts presented to the trial court form the basis of a reasonable inference that defendant possessed the disks of child sexually abusive material beginning in 2007 or before, and that he possessed all four disks of child sexually abusive material on October 23, 2008. See *Earl*, 297 Mich App at 109. It was reasonable for the trial court to infer that defendant

---

[2] Melissa gave one computer disk to the police on October 23, 2008; she brought in the remaining seven disks on October 28, 2008.

possessed the images within 24 hours of the offense date. MCL 777.42(2)(a). Thus, there was evidence supporting the trial court's finding that there were three or more contemporaneous acts of possession of child sexually abusive material under MCL 777.42(2)(a), and the trial court did not plainly err by assessing 25 points to OV 12.

Moreover, even if we had concluded that OV 12 was improperly scored, the trial court had a basis to score the same 25 points under OV 13. On the basis of defendant's own admissions, he possessed the disks between 2007 and 2008. The trial court's offense date was October 23, 2008. Thus, there was evidence to support a finding by a preponderance of the evidence that defendant had engaged in a pattern of felonious criminal activity involving a minimum of three possessions of child sexually abusive material. MCL 777.43(1)(c). In either case his OV score and sentence range would have remained the same.

### III. STATUTES *IN PARI MATERIA*

Defendant next argues that MCL 750.145c and MCL 752.796 (using a computer to commit a crime) protect against the same wrongful conduct, that they are therefore *in pari materia*, and that the trial court erred by holding otherwise. Defendant argues that when the statutes are read *in pari materia*, they conflict because MCL 752.796 permits a maximum seven-year term of imprisonment, whereas MCL 750.145c permits a maximum four-year term of imprisonment. Defendant argues that this conflict must be resolved in favor of the more specific statute, which he argues is MCL 750.145c. We disagree that the two statutes are *in pari materia*.

This Court reviews de novo issues of statutory construction. *People v Kern*, 288 Mich App 513, 516; 794

NW2d 362 (2010). "Statutes that address the same subject or share a common purpose are *in pari materia* and must be read together as a whole." *People v Harper*, 479 Mich 599, 621; 739 NW2d 523 (2007). To the extent that defendant's arguments require the interpretation of MCL 750.145c(4) and MCL 752.796, the primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). "The fair and natural import of the provision governs, considering the subject matter of the entire statute." *People v McGraw*, 484 Mich 120, 124; 771 NW2d 655 (2009). The first step in interpreting statutory language is to look at the statutory text. *People v Lively*, 470 Mich 248, 253; 680 NW2d 878 (2004). The Legislature is presumed to have intended the meaning it plainly expressed, and clear statutory language must be enforced as written. *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008). If the plain and ordinary meaning of the language is clear, judicial construction is not required or permitted. *People v Weeder*, 469 Mich 493, 497; 674 NW2d 372 (2004). However, a statutory provision is ambiguous if it is equally susceptible to more than a single meaning. *Gardner*, 482 Mich at 50 n 12.

MCL 750.145c(4) provides:

> A person who knowingly possesses any child sexually abusive material is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $10,000.00, or both, if that person knows, has reason to know, or should reasonably be expected to know the child is a child or that the child sexually abusive material includes a child or that the depiction constituting the child sexually abusive material appears to include a child, or that person has not taken reasonable precautions to determine the age of the child.

MCL 750.145c(1)(m) defines "child sexually abusive material" as

> any depiction, whether made or produced by electronic, mechanical, or other means, including a developed or undeveloped photograph, picture, film, slide, video, electronic visual image, computer diskette, computer or computer-generated image, or picture, or sound recording which is of a child or appears to include a child engaging in a listed sexual act; a book, magazine, computer, computer storage device, or other visual or print or printable medium containing such a photograph, picture, film, slide, video, electronic visual image, computer, or computer-generated image, or picture, or sound recording; or any reproduction, copy, or print of such a photograph, picture, film, slide, video, electronic visual image, book, magazine, computer, or computer-generated image, or picture, other visual or print or printable medium, or sound recording. [MCL 750.145c(1)(m).]

Accordingly, read in conjunction with the definition of "child sexually abusive material," MCL 750.145c(4) prohibits the possession of such material in many different media, including a "book, magazine, computer, computer storage device, or other visual or print or printable medium." Thus, by the plain language of the statutory text, the subject of MCL 750.145c(4) is the possession of child sexually abusive material, and its purpose is to criminalize the possession of child sexually abusive material in a variety of formats.

MCL 752.796 provides:

> (1) A person shall not use a computer program, computer, computer system, or computer network to commit, attempt to commit, conspire to commit, or solicit another person to commit a crime.
>
> (2) This section does not prohibit a person from being charged with, convicted of, or punished for any other

violation of law committed by that person while violating or attempting to violate this section, including the underlying offense.

(3) This section applies regardless of whether the person is convicted of committing, attempting to commit, conspiring to commit, or soliciting another person to commit the underlying offense.

The plain language of MCL 752.796(1) reveals that the statute's subject is the use of a computer to commit a crime, and its purpose is to criminalize such use. Sections (2) and (3) are provisions that govern section (1)'s interaction with the underlying offense. Specifically, section (2) clarifies that the legislature did not intend that the criminalization of the use of a computer to commit a crime as provided in section (1) would prevent the application of additional criminal penalties to the underlying offense. The object and purpose of MCL 752.796 is to preclude the use of a computer to commit any crime while the object and purpose of MCL 750.145c(4) is to preclude the possession of child pornographic material regardless of how it is produced. Accordingly, based on their plain language, MCL 750.145c(4) and MCL 752.796 do not address the same subject or share a common purpose.

Defendant nonetheless argues that because MCL 750.145c(4) and MCL 752.796 criminalized the same conduct in the instant case, the doctrine of *in pari materia* necessarily applies. We disagree. Defendant admittedly used a computer to download child sexually abusive material. Defendant argues that this was a single act that was criminalized by both MCL 750.145c(4) and MCL 752.796. However, defendant's *possession* of child sexually abusive material, as accomplished by downloading the material, was criminalized by MCL 750.145c(4). Defendant's *use of a computer* to download the child sexually abusive material was sepa-

rately criminalized by MCL 752.796(1). This is no
different than the case where an individual is charged,
convicted and sentenced for both a felonious assault
and for the use of a firearm to commit the assault under
the separate felony-firearm statute. The Legislature
knowingly criminalized the possession of the materials
and the use of a particular instrumentality to accom-
plish that illegal possession. Contrary to defendant's
argument, there were *two* criminal acts punished in this
case, not one.

### IV. TITLE–OBJECT CLAUSE

Defendant next argues that his conviction for using a
computer to commit a crime should be vacated because
it violates the Title-Object Clause of the Michigan
Constitution, Const 1963, art 4, § 24. We disagree.

As a threshold matter, we note that the prosecution
argues that defendant's guilty plea waived his right to
challenge his conviction. However, defendant did not
waive his right to challenge his conviction because he
raises a constitutional challenge to the underlying stat-
ute, and rights and defenses that "reach beyond the
determination of [a] defendant's guilt and implicate the
very authority of the state to bring a defendant to trial"
are not waived by a guilty plea. *People v New*, 427 Mich
482, 491; 398 NW2d 358 (1986) (quotation marks,
citation, and emphasis omitted). However, defendant
failed to preserve this issue by raising it in the trial
court.

Unpreserved constitutional issues are reviewed for
plain error affecting substantial rights. *Carines*, 460
Mich at 763-764. The Title-Object Clause, Const 1963,
art 4, § 24, provides that "[n]o law shall embrace more
than one object, which shall be expressed in its title. No
bill shall be altered or amended on its passage through

either house so as to change its original purpose as determined by its total content and not alone by its title." The purpose of the Title-Object Clause is to "prevent the Legislature from passing laws not fully understood, to ensure that both the legislators and the public have proper notice of legislative content, and to prevent deceit and subterfuge." *People v Cynar*, 252 Mich App 82, 84; 651 NW2d 136 (2002) (quotations marks and citation omitted). There are three different challenges that may be brought against statutes under the Title-Object Clause: a "(1) 'title-body' challenge, (2) a multiple-object challenge, and (3) a change of purpose challenge." *People v Kevorkian*, 447 Mich 436, 453; 527 NW2d 714 (1994).

Defendant argues that a "title-body" violation occurred. In *Cynar*, 252 Mich App at 84-85, this Court explained:

> In regard to a title-body challenge, we have noted that " '[t]he title of an act must express the general purpose or object of the act.' " However, we also recognized that "the title of an act need not be an index to all the provisions of the act." Instead, the test is merely "whether the title gives fair notice to the legislators and the public of the challenged provision." It is only " 'where the subjects are so diverse in nature that they have no necessary connection,' " that we will find the fair notice aspect has been violated. [Citations omitted.]

The constitutional requirement is met when provisions in the body of the act not directly mentioned in the title are " 'germane, auxiliary, or incidental to' " the general purpose of the title of the act. *People v Wade*, 77 Mich App 554, 559; 258 NW2d 750 (1977) (citations omitted). In reviewing a statute under the Title-Object Clause, " 'all possible presumptions should be afforded to find constitutionality.' " *Cynar*, 252 Mich App at 84 (citation omitted).

### A. HISTORY OF MCL 752.796

Defendant challenges MCL 752.796(1) as amended. The provision was originally enacted by 1979 PA 53.

The title of 1979 PA 53 stated:

> AN ACT to prohibit access to computers, computer systems, and computer networks for *certain fraudulent purposes*; to prohibit intentional and unauthorized access, alteration, damage, and destruction of computers, computer systems, computer networks, computer software programs, and data; and to prescribe penalties. [Emphasis added.]

The text of MCL 752.796, as originally enacted by 1979 PA 53, provided: "[a] person shall not utilize a computer, computer system, or computer network to commit a violation of [MCL 750.174 (the Michigan embezzlement statute)], [MCL 750.279 (fraudulent disposition of personal property)], [MCL 750.356 (larceny)], or [MCL 750.362 (embezzlement, fraudulent conversion)]." The prohibition of the use of computers for "certain fraudulent purposes" within the title of 1979 PA 53 aptly describes the text of MCL 752.796 as originally enacted by that act. Moreover, each of the statutes listed constitute "crimes" within Michigan law.

In 1996, the original text of MCL 752.796 was amended by 1996 PA 326. The title of 1996 PA 326 was:

> AN ACT to amend sections 2, 3, 4, 5, 6, and 7 of Act No. 53 of the Public Acts of 1979, entitled "An act to prohibit access to computers, computer systems, and computer networks for certain fraudulent purposes; to prohibit intentional and unauthorized access, alteration, damage, and destruction of computers, computer systems, computer networks, computer software programs, and data; and to prescribe penalties," being sections 752.792, 752.793, 752.794, 752.795, 752.796, and 752.797 of the Michigan Compiled Laws.

1996 PA 326 amended the language of MCL 752.796 by adding "computer program" to the list of computer related items that should not be utilized for criminal purposes, and by replacing the references to MCL 750.174, MCL 750.279, MCL 750.356, and MCL 750.362 with a general prohibition on using a computer to commit a "crime."

In 2000, MCL 752.796 was again amended, this time by 2000 PA 179, which provided:

> AN ACT to amend 1979 PA 53, entitled "An act to prohibit access to computers, computer systems, and computer networks for certain fraudulent purposes; to prohibit intentional and unauthorized access, alteration, damage, and destruction of computers, computer systems, computer networks, computer software programs, and data; and to prescribe penalties," by amending section 6 (MCL 752.796), as amended by 1996 PA 326.

2000 PA 179 amended MCL 752.796, in relevant part, by replacing the word "utilize" with "use," and adding prohibitions on attempting, conspiring, and soliciting the use of a computer to commit a crime.

The 1996 PA 326 and 2000 PA 179 amendments of 1979 PA 53 resulted in the current language of MCL 752.796(1): "A person shall not use a computer program, computer, computer system, or computer network to commit, attempt to commit, conspire to commit, or solicit another person to commit a crime."

### B. DEFENDANT'S TITLE-OBJECT CHALLENGE

On appeal, defendant argues that the current MCL 752.796(1) language that prohibits the use of a computer to "commit a crime" articulates a different purpose or object than those articulated by the 1979 PA 53 title, which referred merely to "certain fraudulent purposes." However, the challenged language was added not by 1979

PA 53, but by 1996 PA 326. Accordingly, in this case we must apply the Title-Object Clause to the title of 1996 PA 326 and to MCL 752.796 as amended by 1996 PA 326. See *Cynar*, 252 Mich App at 84 (analyzing a title-body challenge to an act under the Title-Object Clause by comparing the subject of the title of the act to the subject of the provisions contained within the act itself).

The title of 1996 PA 326 specifically provided that its purpose was to amend 1979 PA 53 by altering statutory provisions enacted by 1979 PA 53, including MCL 752.796. The inclusion of a quotation from the 1979 PA 53 title served to identify which prior act was being amended and to identify the contents of 1979 PA 53 being amended. The body of 1996 PA 326 then amended MCL 752.796 by replacing the original statute's references to MCL 750.174, MCL 750.279, MCL 750.356, and MCL 750.362 with a general prohibition on using a computer to commit a "crime." Thus, the purpose of the 1996 PA 326 title was to amend 1979 PA 53, and the body of 1996 PA 326 accomplished that purpose by altering MCL 752.796. Accordingly, the 1996 PA 326 title gave legislators and the public fair notice of the act's purpose. *Cynar*, 252 Mich App at 84-85. Moreover, the challenged portion of the body of 1996 PA 326 was at least "germane, auxiliary, or incidental" to the general purpose of the 1996 PA 326 title because it amended 1979 PA 53. *Wade*, 77 Mich App at 559. Accordingly, defendant has failed to show that the challenged language in the current MCL 752.796(1) violates the Title-Object Clause, and has therefore failed to show plain error.

## V. PRIOR RECORD VARIABLE 6

Finally, defendant challenges the trial court's assessment of five points for prior record variable (PRV) 6. We conclude that defendant waived any challenge to PRV 6.

Waiver is the intentional relinquishment or abandonment of a known right. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Waiver requires express approval of the trial court's action. *Id.* at 216. Defendant agreed with the trial court's PRV scoring, and therefore waived this issue. Defendant's waiver extinguished all error for appellate review. *Id.* at 215.

Affirmed.

BECKERING, P.J., and STEPHENS and BOONSTRA, JJ., concurred.