# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
April 14, 2015

v

LUIS ERNESTO GUZMAN-CORTEZ,

        Defendant-Appellant.

No. 319212
Ingham Circuit Court
LC No. 12-001136-FC

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Defendant, Luis Ernesto Guzman-Cortez, appeals as of right his convictions, following a jury trial, of armed robbery, MCL 750.529, assault with intent to do great bodily harm less than murder, MCL 750.84, and killing a dog, MCL 750.50b. The trial court sentenced defendant to serve 180 to 600 months' imprisonment for armed robbery, 60 to 120 months' imprisonment for assault, and 24 to 48 months' imprisonment for killing a dog. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

The trial court arraigned defendant on November 4, 2012. On June 18, 2013—three weeks before the date set for trial—appointed defense counsel filed a motion to withdraw from representing defendant. At the hearing on the motion, counsel indicated that defendant wanted counsel to withdraw and explained that "[e]very time I go to the jail and in defending this motion he won't give me his version of the facts, so there has been a complete breakdown." In response to questioning by the trial court, defendant admitted that he refused to speak to counsel, and he alleged that counsel was not working hard enough on his case.

The trial court denied defense counsel's motion to withdraw from representing defendant. The trial court found that counsel had diligently prepared for trial and was an "outstanding attorney" with many years of experience before the court. The trial court also found that granting defendant's motion would "certainly disrupt the judicial process," which would also affect the trial of co-defendant Ramon Trejo-Chavarria.[1]

---

[1] Trejo-Chevarria's appeal is also pending before this Court.

At trial, Weslie Bonds testified that defendant and Trejo-Chavarria robbed him on October 30, 2012. According to Bonds, he knew both men from selling them marijuana on multiple occasions. Defendant and Trejo-Chavarria showed up unannounced at Bonds's home at about 4:00 p.m. Bonds glimpsed defendant in his peripheral vision and saw that defendant was carrying a bat.

The next thing that Bonds remembered was that he was on the floor. Trejo-Chavarria was standing over him with a bloody baseball bat and defendant was taking things from his bedroom. His also realized that his head was bleeding and his dog had been stabbed to death. Bonds lost consciousness. When he woke, defendant and Trejo-Chavarria were gone.

Bonds went to the hospital and reported the assault. Bonds testified that electronics and jewelry were missing from his home. Lansing Police Department Detective Mark Lewandowski testified that officers arrested defendant and Trejo-Chavarria on November 5, 2012. According to Detective Lewandowski, they were riding together in a car that contained some of Bonds's missing items, bloody jackets, a bloody knife with white hairs on it, and a broken and bloody baseball bat. A jury found defendant guilty of robbing Bonds, assaulting him, and killing his dog.

## II. SUBSTITUTION OF COUNSEL

Defendant contends that the trial court erred when it denied his request to substitute counsel. We disagree.

This Court reviews for an abuse of discretion the trial court's decision regarding substitution of counsel. *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001). The trial court abuses its discretion when its outcome falls outside the principled range of outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

An indigent defendant has the right to counsel, but not the right to counsel of his or her choosing. *People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991). A defendant is entitled to substitute counsel only if the defendant shows good cause and that the substitution will not unreasonably disrupt the judicial process. *Id*. "A defendant may not purposely break down the attorney-client relationship by refusing to cooperate with his assigned attorney and then argue that there is good cause for a substitution of counsel." *People v Meyers (On Remand)*, 124 Mich App 148, 166-167; 335 NW2d 189 (1983).

In this case, defendant waited to request substitution of counsel until three weeks before the date set for his joint trial with co-defendant Trejo-Chavarria. Defendant alleged that "every time when I have a court hearing he is not present" and that defendant "saw [counsel] only once at the jail . . . ." The trial court's register of actions reflects that counsel had attended all but one hearing and had obtained a private investigator to assist in the defense. Counsel's statement to the court indicated that he had visited with defendant in jail more than once. The trial court was in the best position to determine defendant's credibility. See MCR 2.613(C). Defendant also admitted that he refused to cooperate with his attorney.

Given these circumstances, the trial court's determinations that defendant did not have good cause to substitute counsel and that his request would unreasonably delay the joint trial did

not fall outside the range of principled outcomes. We conclude that the trial court did not abuse its discretion when it denied defendant's request to substitute counsel.

## III. OFFENSE VARIABLE (OV) 13

Defendant contends that the trial court erroneously assessed 10 points under OV 13 at his sentencing hearing because his case did not involve three or more crimes against a person. A waiver is "the intentional relinquishment or abandonment of a known right[.]" *People v Loper*, 299 Mich App 451, 472; 830 NW2d 836 (2013). When defense counsel expressly agrees with the trial court's decision, counsel's action constitutes a waiver that extinguishes any error. *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). In this case, at defendant's sentencing hearing, defense counsel stated that "[w]e agree that there was a combination of three or more crimes against a person." We conclude that defendant has waived this issue by expressly agreeing with the trial court's assessment.

Affirmed.

/s/ Peter D. O'Connell
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola

-3-