# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DERWIN JEROME HOLT,

        Defendant-Appellant.

UNPUBLISHED
July 16, 2015

No. 321063
Wayne Circuit Court
LC No. 13-010604-FC

Before: FORT HOOD, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, and three counts of illegal use of a financial transaction device, MCL 750.157q. Defendant was sentenced to 225 to 540 months' imprisonment for the armed robbery conviction and two to four years' imprisonment for each illegal use of a financial transaction device conviction. We affirm.

This case arises from an incident in which a juvenile female calling herself Amber posted an adult online dating profile and lured the victim, Derrik Schwartz, to a wooded area. Once Schwartz entered the woods, defendant and two juvenile males robbed him at knifepoint. During and immediately after the robbery, defendant and his accomplices threatened Schwartz's life and the lives of his family, cut off a lock of Schwartz's hair and made him eat it, forced him to remove his clothing, made stabbing motions at Schwartz, and ran the point of the knife over Schwartz's face, neck, and body before releasing him.

Defendant argues that the trial court erred in scoring OV 7 and OV 8. We disagree.

When reviewing a scoring issue, the trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The court's application of the facts to the statutory scoring conditions is a question of statutory interpretation that is reviewed de novo on appeal. *Id.* However, defendant's challenges are unpreserved because defendant did not object to the trial court's scoring of these variables at sentencing, file a motion for resentencing, or file a motion to remand. MCL 769.34(10); *People v Loper*, 299 Mich App 451, 456; 830 NW2d 836

(2013). "[T]his Court may review an unpreserved scoring issue for plain error affecting substantial rights." *Loper*, 299 Mich App at 457.

Defendant asserts that the trial court erred in assigning 50 points for OV 7 because his conduct did not amount to sadism, torture, excessive brutality, or conduct designed to substantially increase the complainant's fear and anxiety during the offense. We reject defendant's assertion and conclude that the trial court properly determined that there was sufficient evidence to assess 50 points for OV 7.

The statutory basis of OV 7 is MCL 777.37, which provides for an assessment of points when the offense involves "aggravated physical abuse." MCL 777.37(1). Fifty points shall be assessed if "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). In the context of OV 7, "sadism" is defined as "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification." MCL 777.37(3). Emotional or psychological abuse may produce humiliation, and physical abuse is not required. *People v Mattoon*, 271 Mich App 275, 277; 721 NW2d 269 (2006). Unlike sadism, excessive brutality is not defined in the OV statute. This Court, however, has said that it means "savagery or cruelty beyond even the 'usual' brutality of a crime." *People v Glenn*, 295 Mich App 529, 533; 814 NW2d 686 (2012), rev'd on other grounds sub nom *Hardy*, 494 Mich 430. Finally, in regard to conduct designed to substantially increase the fear and anxiety a victim suffered during the offense, our Supreme Court has explained that the relevant inquiry is "whether the defendant engaged in conduct beyond the minimum required to commit the offense" and "whether the conduct was intended to make [the] victim's fear or anxiety greater by a considerable amount." *Hardy*, 494 Mich at 443-444.

In this case, defendant's actions amounted to sadism, excessive brutality, and conduct designed to substantially increase the complainant's fear and anxiety during the offense. After completing the crime, defendant ran the point of the knife across Schwartz's throat and made stabbing motions at Schwartz while telling Schwartz he was going to kill him. Defendant and one of the juvenile males then forced Schwartz to strip and walk through a heavily wooded area, telling him all the while that they would kill him and his family because they knew where to find him. At sentencing, Schwartz further noted that "[t]hey humiliated me, calling me fat and ugly and a piece of s*** and f*** face, amongst many other names." Based on the record, defendant subjected Schwartz to both extreme and prolonged humiliation and there was no purpose for these actions other than to humiliate Schwartz or to gratify defendant. Schwartz had given up the physical struggle with defendant and was willing to hand over his valuables without further protest. Forcing Schwartz to strip and threatening his life and the lives of his family was gratuitous and was calculated to subject the complainant to pain and humiliation. See MCL 777.37(3). Defendant's conduct was also savage and cruel beyond the usual brutality associated with armed robbery. *Glenn*, 295 Mich App at 533.

In addition, defendant's conduct was designed to substantially increase the fear and anxiety the complainant suffered during the offense. Defendant committed armed robbery by taking money and property from Schwartz while armed with a dangerous weapon. See MCL 750.529. But defendant did much more. Again, defendant threatened Schwartz's family, made stabbing motions at Schwartz with the knife, ran the point of the knife across Schwartz's neck,

and told Schwartz, "We are gonna kill you. We're gonna kill you." Defendant thus engaged in conduct beyond the minimum required to commit the offense of armed robbery. See *Hardy*, 494 Mich at 443-444. Defendant also intended to increase Schwartz's fear and anxiety by a considerable amount. See *id.* at 440 n 26, 443-444. As defendant and the juvenile male forced Schwartz to walk through the woods wearing only his underwear and socks, they told him that they planned to empty his bank account completely. They also told him that if the police did not come and arrest him, that they would kill him and his family. The evidence indicated that this was meant not just to instill a sense of fear and anxiety in Schwartz during the incident, but to make him fear a future assault as well. See *People v McDonald*, 293 Mich App 292, 298-299; 811 NW2d 507 (2011) (holding that the defendant intended to increase the victim's fear or anxiety when he "made threats that clearly indicated that he could find her again in the future."). Accordingly, the trial court could have found that defendant's conduct was designed to substantially increase the fear and anxiety Schwartz suffered. See *Hardy*, 494 Mich at 439-440.

Defendant asserts that his actions individually were insufficient to justify a score of 50 points, as much of the most egregious conduct was committed by defendant's accomplices, and specifically someone who referred to himself as Amber's brother. We disagree that defendant's specific actions were insufficient to justify a score under OV 7, as our analysis was based exclusively on defendant's actions. However, we further note that while this Court has held that, in regard to OV 7, "only the defendant's actual participation should be scored," *People v Hunt*, 290 Mich App 317, 323-326; 810 NW2d 588 (2010), the current case is distinguishable from *Hunt*. In *Hunt*, the Court held that "while [the] defendant was present and armed during the commission of the crime here, he did not himself commit, take part in, or encourage others to commit acts" justifying a score of 50 points under OV 7. *Id*. at 325-326. Here, it was clear that defendant and Amber's brother were acting congruently, and defendant certainly was not taking a passive role in the events.

Defendant also contends that the trial court erred in assigning 15 points for OV 8 because he did not asport Schwartz to a place of greater danger or hold Schwartz captive for longer than was required to commit the offense. We disagree, and conclude that the trial court did not err in assessing 15 points for OV 8.

OV 8 governs the asportation or captivity of a victim. See *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013). MCL 777.38 provides that OV 8 should be scored at 15 points when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." "A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others." *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014). A place of greater danger may include "an isolated location where criminal activities might avoid detection." *Dillard*, 303 Mich App at 379. Asportation requires no physical force and "may occur even when the victim voluntarily accompanied the defendant to a place or situation of greater danger." *Id*.

In this case, defendant and his accomplices concocted a scheme to lure Schwartz from a readily observable parking lot into a secluded wooded area to rob him. Furthermore, once Schwartz was in the woods and defendant attacked him with the knife, Schwartz moved further into the woods as he struggled with defendant for the weapon. It is irrelevant that Schwartz

initially entered the woods with Amber of his own free will and that his struggles with defendant, rather than defendant's purposeful application of physical force, carried him deeper into the woods. See *id*. Finally, once defendant had relieved Schwartz of his valuables and clothing, he made Schwartz walk away from the clearing and into a thick, trackless part of the woods, further increasing Schwartz's isolation and danger. See *Chelmicki*, 305 Mich App at 70-71. Thus, the trial court did not err in assigning 15 points to OV 8 because defendant asported Schwartz to a place or situation of greater danger.

The trial court could also have assigned 15 points to OV 8 on the ground of captivity. Defendant and his accomplices held Schwartz at knifepoint and forced him to give them his wallet, car keys, and cell phone. The offense was then complete. It was after the actual robbery that defendant ran the knife over Schwartz's throat, made stabbing motions at Schwartz, threatened to kill his family, forced him to remove his clothing, and made him walk through the woods while defendant continued to berate and threaten him. Thus, even if only a brief time elapsed, defendant held Schwartz captive beyond the time necessary to complete the offense of armed robbery. See MCL 777.38(1).

Defendant also contends that defense counsel's failure to object to the trial court's assessments for OV 7 and OV 8 deprived him of his right to the effective assistance of counsel at sentencing. We disagree. As discussed, *supra*, the trial court did not err in its decisions regarding OV 7 and OV 8. Defense counsel thus had no basis for objecting to them and was not required to make a meritless objection. See *Chelmicki*, 305 Mich App at 69.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Henry William Saad
/s/ Michael J. Riordan

-4-