PEOPLE v MATTHEWS

Docket No. 148557. Submitted April 13, 1993, at Grand Rapids. Decided October 19, 1993, at 9:05 A.M.

Robert Matthews pleaded guilty in the Berrien Circuit Court, John T. Hammond, J., of first-degree retail fraud and received a sentence that in part required him to pay an assessment of $30 into the crime victim rights fund pursuant to MCL 780.905; MSA 28.1287(905). The defendant appealed, challenging the validity of the statutory assessment.

The Court of Appeals *held:*

1. The assessment is specifically authorized by Const 1963, art 1, § 24, which states that the Legislature may provide for an assessment against convicted defendants to pay for crime victims' rights. The assessment is uniform upon the class on which it operates, as required by Const 1963, art 9, § 3, and is not arbitrary in amount, having been determined pursuant to MCL 780.903; MSA 28.1287(903) by the Criminal Assessments Commission to be the amount necessary for adequate funding of crime victim rights services.

2. MCL 780.905; MSA 28.1287(905) does not violate constitutional guarantees of due process and equal protection.

Affirmed.

Sentences — Assessments for Crime Victim Rights Fund.

The statutorily mandated assessment of monies payable to the crime victim rights act by persons convicted of felonies and certain misdemeanors is authorized under the Michigan Constitution and is not violative of due process or equal protection (Const 1963, art 1, § 24; MCL 780.905; MSA 28.1287[905]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis M. Wiley,* Prosecuting Attorney, and *Mary Malesky,* Assistant Prosecuting Attorney, for the people.

REFERENCES
Am Jur 2d, Criminal Law §§ 1051-1053.
Measure and elements of restitution to which victim is entitled under state criminal statute. 15 ALR5th 391.

*Jeanice Dagher-Margosian,* for the defendant on appeal.

Before: NEFF, P.J., and McDONALD and MURPHY, JJ.

PER CURIAM. Defendant, convicted of first-degree retail fraud, MCL 750.356c; MSA 28.588(3), appeals as of right from that portion of his judgment of sentence requiring him to pay a $30 assessment to the crime victim rights fund. We affirm.

On appeal, defendant challenges the validity of the statute that authorizes the court to order him to pay $30 to the crime victim rights fund, MCL 780.905; MSA 28.1287(905). The crux of defendant's argument appears to be that the $30 assessment constitutes a tax and is "unauthorized." However, even assuming for purposes of this appeal the assessment is a "tax," specific authorization for the assessment is found in Const 1963, art 1, § 24. Subsection 3 of that section states: "The legislature may provide for an assessment against convicted defendants to pay for crime victims' rights."

The assessment is "uniform upon the class . . . on which it operates," Const 1963, art 9, § 3, and is not arbitrary in amount. The criminal assessment commission act provides that the assessment amount be investigated and determined by the commission on the basis of the amount of revenue needed to pay for crime victim rights services, MCL 780.903; MSA 28.1287(903). Moreover, contrary to defendant's assertions, the Legislature's decision to assess convicted felons the same amount to fund the services is not arbitrary or irrational, considering services provided to victims of felonies are provided without regard to the seriousness of the offense.

We also find no merit to defendant's contention that the statute violates constitutional guarantees of due process and equal protection. Defendant hypothesizes that a defendant unable to pay the assessment will be jailed and thus treated differently than a defendant who is able to pay the assessment. Defendant's supposition that a defendant financially unable to pay the assessment will be jailed is unsupported. Nowhere does the act provide for incarceration without a hearing for a defendant's failure to pay the assessment. Thus, on its face the act violates neither procedural due process nor equal protection guarantees.

Lastly, we reject defendant's claim that the statute as applied violates his right to due process. Not only do we disagree with defendant's contention that, because K mart recovered the stolen property, it suffered no harm and thus was not a victim, we note that the assessment is not intended to be a form of restitution dependent upon the injury suffered by any individual victim. Instead, the Legislature, pursuant to the authority granted it under Const 1963, art 1, § 24(2) and (3), has provided for the assessment against certain defendants for the benefit of all victims.

Defendant's sentence is affirmed.