PEOPLE v EARL

Docket No. 302945. Submitted June 12, 2012, at Detroit. Decided June
    19, 2012, at 9:10 a.m. Leave to appeal granted, 493 Mich 945.

    Ronald L. Earl was convicted by a jury in the Oakland Circuit Court
        of bank robbery and two counts of possession of less than 25 grams
        of a controlled substance. The crimes had occurred in March 2010.
        The court, Leo Bowman, J., required defendant to pay a $130
        crime victim's assessment fee under MCL 780.905(1)(a) as
        amended by 2010 PA 281, effective December 16, 2010. Defendant
        appealed.

        The Court of Appeals *held*:

        1. The United States and Michigan Constitutions both prohibit
    unreasonable searches, but to attack the propriety of a search and
    seizure, the defendant must first establish that he or she has
    standing to challenge the search. Standing exists if, considering
    the totality of the circumstances, the defendant had a legitimate
    expectation of privacy in the object of the search and seizure and
    that expectation is one that society is prepared to recognize as
    reasonable. When a vehicle stop is legal, a passenger with no
    property or possessory interest in the vehicle does not have
    standing to contest the search of the vehicle. In this case, defen-
    dant did not dispute the legality of the police stop of his fiancée's
    vehicle. The fact that defendant was engaged to the owner of the
    vehicle, who was also driving the vehicle at the time of the stop, did
    not endow him with an ownership interest in the vehicle. Defen-
    dant failed to demonstrate a legitimate property or possessory
    interest in the vehicle and, thus, lacked standing to object to the
    search of it. The trial court did not err by denying defendant's
    motion to suppress the seized evidence.

        2. Under offense variable (OV) 4 of the sentencing guidelines,
    MCL 777.34, ten points must be assessed when serious psychologi-
    cal injury requiring professional treatment occurred to a victim.
    Evidence that the bank teller suffered from sleeplessness for
    weeks following the robbery, that she relived the events every time
    she closed her eyes, and that she continued to fear being robbed by
    her customers adequately supported the court's assessment of 10
    points for OV 4.

3. Under OV 13 of the sentencing guidelines, MCL 777.43, ten points are properly assessed when the offense was part of a pattern of felonious criminal activity involving a combination of three or more crimes against a person or property or a violation of certain sections of the Public Health Code. In determining the appropriate number of points to assess under OV 13, all crimes within a five-year period must be counted regardless of whether the offenses resulted in a conviction. There was enough evidence for the trial court to properly assess 10 points for OV 13 even though defendant was not convicted of one of the crimes used to support the score in light of the unchallenged evidence presented at sentencing regarding that crime.

4. Const 1963, art 1, § 24(3) permits the Legislature to provide for an assessment against convicted defendants to pay for crime victims' rights. At the time defendant committed the offenses at issue, the court was authorized to order a person convicted of a felony to pay a $60 crime victim's assessment fee under MCL 780.905(1)(a), but the authorized fee was raised to $130 before defendant was sentenced by the enactment of 2010 PA 281. The ex post facto clauses of both the state and federal constitutions prohibit inflicting a greater punishment for a crime than that provided for when the crime was committed. While restitution is a form of punishment, the crime victim's assessment fee is not a form of restitution dependent on the injury suffered by the individual victim. Rather, the fee is an assessment for the benefit of all victims. Nor does the fee affect matters of substance. Accordingly, the fee increase did not increase defendant's punishment and, thus, did not violate ex post facto principles.

Affirmed.

CONSTITUTIONAL LAW — EX POST FACTO LAWS — GREATER PUNISHMENTS — CRIME VICTIM'S ASSESSMENT FEES — INCREASED FEES.

A statute violates ex post facto principles if it (1) makes punishable that which was not, (2) makes an act a more serious criminal offense, (3) increases the punishment, or (4) allows the prosecution to convict on less evidence; formerly, a trial court was authorized to order a felon to pay a $60 crime victim's assessment fee under the Crime Victim's Rights Act (CVRA); effective December 16, 2010, the act was amended to increase the statutory assessment from $60 to $130; an assessment under the CVRA does not constitute punishment; thus, retroactive application of the fee increase does not violate the constitutional prohibition against ex post facto laws (US Const, art 1, § 10, cl 1; Const 1963, art 1, § 10, Const 1963, art 1, § 24[3]; MCL 780.905[1][a]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, *Thomas R. Grden*, Appellate Division Chief, and *Louis F. Meizlish*, for the people.

State Appellate Defender (by *Christopher M. Smith*) for defendant.

Before: K. F. KELLY, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

PER CURIAM. Defendant appeals as of right following his jury trial convictions for bank robbery, MCL 750.531, and two counts of possession of less than 25 grams of a controlled substance, MCL 333.7403(1) and MCL 333.7403(2)(a)(v). He was sentenced as an habitual offender, fourth offense, MCL 769.12, to concurrent prison terms of 10 to 40 years for the robbery conviction and 2 to 15 years for each drug conviction. We affirm.

### I. BASIC FACTS

Defendant was convicted of robbing a Southfield branch of Bank of America on March 18, 2010, while dressed as a woman. He was identified as the perpetrator by both the confronted bank teller and a bank manager, and a bystander identified defendant as the person the bystander had observed fleeing from the area. The prosecution also presented three witnesses who each testified that defendant had approached them about being a getaway driver for a planned bank robbery. When defendant was arrested on March 24, 2010, the police found crack cocaine and heroin on his person. At trial, defendant conceded that he was guilty of the narcotics offenses, but denied committing the bank robbery. He presented an alibi defense through his

fiancée, and the defense argued that the identification testimony was not credible, and that the witnesses who claimed that they were solicited to be a getaway driver were unreliable drug users.

## II. MOTION TO SUPPRESS EVIDENCE

Defendant first argues that the trial court erred by denying his motion to suppress a pair of women's reading glasses that were seized during a search of defendant's fiancée's vehicle. Defendant had been a passenger in the vehicle when he was arrested. When reviewing a motion to suppress evidence, we review for clear error the trial court's findings of fact and we review de novo its ultimate decision whether to suppress the evidence. *People v Hyde*, 285 Mich App 428, 438; 775 NW2d 833 (2009).

The United States and the Michigan Constitutions both prohibit unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. The basic rule is that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment— subject only to a few specifically established and well-delineated exceptions." *Arizona v Gant*, 556 US 332, 338; 129 S Ct 1710; 173 L Ed 2d 485 (2009) (citation and quotation marks omitted). In other words, warrantless searches and seizures are presumptively unreasonable unless an exception to the warrant requirement applies. However, to attack the propriety of a search and seizure, the defendant must first establish that he or she has standing to challenge the search. *People v Powell*, 235 Mich App 557, 561; 599 NW2d 499 (1999). Standing exists if, considering the totality of the circumstances, the defendant had a legitimate expectation of privacy in the object of the search and seizure and that expecta-

tion is one that society is prepared to recognize as reasonable. *People v Parker*, 230 Mich App 337, 340; 584 NW2d 336 (1998). Regarding vehicles, when the stop of a vehicle is legal, a passenger with no property or possessory interest in the vehicle does not have standing to contest the search of the vehicle.[1] See *People v Labelle*, 478 Mich 891, 892 (2007), *People v Armendarez*, 188 Mich App 61, 71; 468 NW2d 893 (1991), *People v Carey*, 110 Mich App 187, 194-195; 312 NW2d 205 (1981), and *People v Smith*, 106 Mich App 203, 208-209; 307 NW2d 441 (1981).

In this case, defendant did not assert a property or possessory interest in the vehicle or the women's eyeglasses that were seized. The vehicle searched belonged to defendant's fiancée, who was also the driver. The mere fact that defendant was engaged to the owner of the vehicle did not endow him with an ownership interest in the vehicle or a reasonable expectation of privacy in it. Although defendant claims that his fiancée allowed him to use the vehicle, he did not show a continuous use of and right of access to the vehicle. Thus, defendant failed to carry his burden of demonstrating that he had a legitimate possessory or privacy interest in the vehicle. Accordingly, he lacks standing to contest the search of it and the seizure of the women's eyeglasses from it. Therefore, the trial court did not err by denying defendant's motion to suppress.

### III. THE SCORING OF OFFENSE VARIABLES 4 AND 13

Defendant argues that he is entitled to resentencing because the trial court erroneously assessed 10 points for offense variables (OVs) 4 and 13 of the sentencing

---

[1] Defendant does not dispute the legality of the police stop of his fiancée's vehicle.

guidelines. Again, we disagree. Defendant did not object to the scoring of OV 4 or OV 13 at sentencing. However, he filed a motion to remand with this Court in order to raise this issue in a motion for resentencing. Therefore, this issue is preserved. MCR 6.429(C) and MCL 769.34(10).[2]

A trial court's scoring of the sentencing guidelines is reviewed to determine whether the court properly exercised its discretion and whether the record evidence adequately supports a particular score. *People v Lechleitner*, 291 Mich App 56, 62; 804 NW2d 345 (2010). When challenged, a sentencing factor need only be proved by a preponderance of the evidence. *People v Wiggins*, 289 Mich App 126, 128; 795 NW2d 232 (2010). The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable. *People v Haacke*, 217 Mich App 434, 436; 553 NW2d 15 (1996).

### A. OFFENSE VARIABLE 4

Ten points must be scored for OV 4 when "[s]erious psychological injury requiring professional treatment occurred to a victim[.]" MCL 777.34(1)(a). "[T]he victim's expression of fearfulness is enough to satisfy the statute[.]" *People v Davenport (After Remand)*, 286 Mich App 191, 200; 779 NW2d 257 (2009); see also *People v Apgar*, 264 Mich App 321, 329; 690 NW2d 312 (2004). In this case, the confronted bank teller testified at trial that she was nervous and scared during the robbery. She was concerned that defendant would harm her because there were no protective barriers between her and defendant and she did not know if he was going

---

[2] We denied the motion to remand for "failure to persuade the Court of the necessity of a remand at this time." *People v Earl*, unpublished order of the Court of Appeals, entered February 21, 2012 (Docket No. 302945).

to "jump the window" or if he had a gun. According to a victim impact statement prepared for sentencing, the teller suffered from sleeplessness for weeks as a result of defendant's actions, "relived" the events of the robbery every time she closed her eyes, and now fears being robbed by her bank customers. The teller also submitted a letter to the court in which she recounted her constant fear of being robbed by her customers and her sleepless nights as a result of defendant's actions. This evidence adequately supports the trial court's assessment of 10 points for OV 4.

### B. OFFENSE VARIABLE 13

OV 13 considers the "continuing pattern of criminal behavior." MCL 777.43. A score of 10 points is appropriate when "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property or a violation of [MCL 333.7401(2)(a)(*i*) to (*iii*) or MCL 333.7403(2)(a)(*i*) to (*iii*)] of the public health code[.]" MCL 777.43(1)(d). Defendant argues that the trial court improperly considered a 2008 charge of bank robbery, which was dismissed, as the third offense to support the 10-point score for OV 13.

In determining the appropriate points for OV 13, "all crimes within a 5-year period . . . shall be counted *regardless of whether the offense resulted in a conviction.*" MCL 777.43(2)(a) (emphasis added). In this case, the presentence report indicates that, in the 2008 case, defendant was identified as the perpetrator by his parole agent and was arrested. At sentencing, the prosecutor presented the surveillance photographs from the 2008 robbery, which occurred at the same bank involved in this case. Although the 2008 case was dismissed in the district court, there was no indication

at sentencing that the 2008 allegation was dismissed for want of probable cause. In light of the unchallenged evidence presented at sentencing regarding the 2008 bank robbery, there was enough evidence for the trial court to assess 10 points for OV 13.

### IV. CRIME VICTIM'S ASSESSMENT FEE

Finally, defendant argues that that imposition of an enhanced $130 crime victim's assessment fee violates the bar on ex post facto laws under the federal and state constitutions because the crimes were committed before the Legislature increased the fee from $60 to $130. We disagree. Because defendant failed to raise this issue below, it is unpreserved and our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999).

The ex post facto clauses of both the state and federal constitutions prohibit inflicting a greater punishment for a crime than that provided for when the crime was committed. *People v Callon*, 256 Mich App 312, 316-317; 662 NW2d 501 (2003). A statute violates ex post facto principles if it " '(1) makes punishable that which was not, (2) makes an act a more serious criminal offense, (3) increases the punishment, or (4) allows the prosecution to convict on less evidence.' " *People v McRunels*, 237 Mich App 168, 175; 603 NW2d 95 (1999), quoting *Riley v Parole Bd*, 216 Mich App 242, 244; 548 NW2d 686 (1996) (emphasis omitted). At issue here is whether the fee increase from $60 to $130 increased defendant's punishment. We find that it did not.

Const 1963, art 1, § 24(3) states that "[t]he legislature may provide for an assessment against convicted defendants to pay for crime victims' rights." At the time defendant committed the instant offenses, a trial court

was authorized to order a person convicted of a felony to pay a $60 crime victim's assessment fee under the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.* MCL 780.905(1)(a) as amended 2005 PA 315. The statute was subsequently amended by 2010 PA 281 to increase the statutory assessment to $130. The amendatory act was given immediate effect on December 16, 2010.

Defendant cites *People v Slocum*, 213 Mich App 239; 539 NW2d 572 (1995), in support of his position that the increase in the assessment resulted in a disadvantage to him by increasing his punishment. At issue in *Slocum* was whether the trial court was authorized to require a criminal defendant to pay the cost of his extradition from Florida. Extradition costs had previously been the obligation of the county in which the crime was committed; however, before the defendant's sentencing, MCL 780.766 was amended to entitle governmental entities to restitution from criminal defendants. *Id.* at 242-243. The prosecutor argued that the statute was merely procedural in nature and, therefore, could be applied retroactively and that it gave the court the authority to order the defendant to pay the extradition costs. *Id.* This Court disagreed. "[I]t is clear that the amendment would make the statute apply to defendant's extradition, and that action occurred before the amendment of the statute." *Id.* at 243. Because "restitution is a form of punishment" the amendment of MCL 780.766, "by increasing the amount of restitution for which defendant would be responsible, would increase his punishment" and, therefore, application of the statute "would be in violation of the Ex Post Facto Clause." *Id.* at 244.

However, in *People v Matthews*, 202 Mich App 175; 508 NW2d 173 (1993), we directly addressed the valid-

ity of assessments made pursuant to MCL 780.905. We rejected the defendant's argument that the assessment was an unauthorized tax given that Const 1963, art 1, § 24 specifically provides for such an assessment. *Id.* at 176. We held that "the Legislature's decision to assess convicted felons the same amount to fund the services is not arbitrary or irrational, considering services provided to victims of felonies are provided without regard to the seriousness of the offense." *Id.* We also rejected the defendant's claims that the statute violated constitutional guarantees of due process and equal protection. Importantly, we noted:

> [T]he assessment is *not intended to be a form of restitution* dependent upon the injury suffered by any individual victim. Instead, the Legislature, pursuant to the authority granted it under Const 1963, art 1, § 24(2) and (3), has provided for the assessment against certain defendants for the benefit of all victims. [*Id.* at 177 (emphasis added).]

Thus, while it is true that restitution is a form of punishment such that any newly authorized form of restitution may amount to an increase in the defendant's punishment, an assessment under the CVRA is neither restitution nor punishment. Moreover, "the Ex Post Facto Clause does not apply to legislative control of remedies and modes of procedure that do not affect matters of substance." *Slocum*, 213 Mich App at 243, citing *People v Davis*, 181 Mich App 354, 358; 448 NW2d 842 (1989). As our Supreme Court has recently noted:

> Generally, " 'statutes are presumed to operate prospectively unless the contrary intent is clearly manifested.' " However, statutes that "operate in furtherance of a remedy or mode of procedure" and that "neither create new rights nor destroy, enlarge, or diminish existing rights are generally held to operate retrospectively" absent a contrary legislative intent. [*People v Kolanek*, 491 Mich 382, 405; 817 NW2d 528 (citations omitted).

As clearly enunciated in *Matthews*, an assessment under the CVRA is *not*, in fact, restitution.[3] It is not punitive in nature nor does it affect matters of substance. Our Constitution has specifically authorized the Legislature to provide for an assessment against convicted defendants for the benefit of victims of crime. Accordingly, the trial court's order that defendant pay $130 under the CVRA is not a violation of the ex post facto constitutional clauses.

Affirmed.

K. F. KELLY, P.J., and SAWYER and RONAYNE KRAUSE, JJ., concurred.

---

[3] Thus, to the extent that prior panels of this Court treated assessments under the CVRA as restitution or punishment, those opinions are in conflict with this Court's published authority on the issue. See *People v Barnes*, unpublished opinion per curiam of the Court of Appeals, issued December 7, 2010 (Docket No. 288711); *People v Crocker*, unpublished memorandum opinion of the Court of Appeals, issued January 13, 1998 (Docket No. 201100). Unpublished opinions have no precedential value in any event. MCR 7.215(C)(1).