PEOPLE v JONES
PEOPLE V ANDERSON

Docket Nos. 309303 and 310314. Submitted March 12, 2013, at Grand
Rapids. Decided April 25, 2013, at 9:05 a.m. Leave to appeal
sought.

Melody T. Jones pleaded guilty in the Berrien Circuit Court of
attempted welfare fraud of more than $500, MCL 400.60. The
court, Dennis M. Wiley, J., sentenced Jones to 45 days in jail and
imposed a fine, ordered restitution, and assessed various costs and
fees, including a crime victims' rights assessment of $130. Jones
filed a delayed application for leave to appeal, arguing that it was
a violation of the Ex Post Facto Clauses of the United States and
Michigan Constitutions to impose an assessment of $130 under
MCL 780.905, as amended by 2010 PA 281, rather than an
assessment of $60 under the prior version of MCL 780.905, as
amended by 2005 PA 315, the version of the statute in effect when
Jones committed her felony. Jones additionally argued that the
court erred by imposing $1000 in court costs because the court
failed to link those court costs to the particular expenses of her
case.

Stacey R. Anderson pleaded guilty in the Wayne Circuit Court of
second-degree murder, MCL 750.317. The court, Gregory D. Bill,
J., sentenced Anderson to 16 to 30 years' imprisonment and
ordered her to pay a crime victims' rights assessment of $130.
Anderson filed a delayed application for leave to appeal, asserting
the same ex post facto argument as Jones. The Court of Appeals
granted both defendants leave to appeal and consolidated the
cases.

The Court of Appeals *held*:

1. Both the United States Constitution, US Const, art I, § 10,
and the Michigan Constitution, Const 1963, art 1, § 10, prohibit ex
post facto laws. Michigan's prohibition of ex post facto laws is not
more expansive than its federal counterpart. Ex post facto laws
attach legal consequences to acts before their effective date and
work to the disadvantage of the defendant. A statute disadvan-
tages a defendant if (1) it makes punishable something that was
not, (2) it makes an act a more serious offense, (3) it increases a
punishment, or (4) it allows the prosecution to convict on less

evidence. *People v Earl*, 297 Mich App 104 (2012), however, held that imposing the increased assessment enacted by 2010 PA 281 for offenses committed before that law's effective date is not a violation of the Ex Post Facto Clauses. *Earl* bound subsequent panels of the Court of Appeals under MCR 7.215(C)(2) and (J)(1). Accordingly, the trial courts did not err in these cases by imposing the $130 crime victims' rights assessment on defendants.

2. Defendants argued that *Earl* was wrongly decided because it relied on obiter dictum from *People v Matthews*, 202 Mich App 175 (1993). Obiter dictum is an incidental remark or opinion related to but unnecessary to the case. Addressing an alternative argument is, however, necessary to the disposition of a case and consequently is not obiter dictum, which is what occurred in the portion of *Matthews* that *Earl* relied on. *Matthews* addressed two equal alternative bases for rejecting a particular argument raised by the defendant, and *Earl*, consequently, did not rely on obiter dictum in reaching its holding. Nothing in MCL 780.905 explicitly or implicitly sets forth the Legislature's intention regarding whether or not to make the assessment a punishment. That the assessment is imposed only if a defendant is convicted is not dispositive because while it may appear that way, the assessment does not act as a punishment in the legal sense given that it is tied to being a felon in the abstract, rather than to any specific crime. The assessment does not make the punishment for a crime more burdensome because it simply is not a consequence of any particular crime, but is a consequence of crime itself. *Earl* was not wrongly decided.

3. *People v Sanders*, 296 Mich App 710 (2012), held that a trial court may impose a generally reasonable amount of court costs under MCL 769.1k(1)(b)(*ii*) without the necessity of separately calculating the costs involved in the particular case. This holding was also binding, and the panel declined to disagree with it. Nor was it necessary to remand the case to the trial court for a hearing to establish a factual basis for the $1,000 in court costs to ensure a reasonable relationship between the costs imposed and the costs incurred in Jones's case, as was done in *Sanders*. The Court of Appeals had already upheld $1,000 in court costs as having a reasonable relationship to the cost of conducting a felony case in the Berrien Circuit Court (the jurisdiction of Jones's case) in *People v Sanders (After Remand)*, 298 Mich App 105 (2012).

Affirmed.

STEPHENS, P.J., concurring, acknowledged that she was compelled to follow *Earl* as binding precedent, but wrote separately to note that *Earl*'s reasoning was flawed and that the majority's conclusions were inconsistent with prior caselaw interpreting the

Ex Post Facto Clause of the Michigan Constitution. *Earl* incorrectly concluded that the assessment is not a punishment by relying almost exclusively on one paragraph of obiter dictum from *Matthews* that discussed restitution. The assessment is a punishment because the Legislature intended for it to be a punishment. The imposition of an additional $70 dollars increases defendants' punishment for conduct that occurred before the current version of MCL 780.905 took effect.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Arthur J. Cotter*, Prosecuting Attorney, and *Amy Byrd*, Assistant Prosecuting Attorney, for the people in *Jones*.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Erin Leigh Birkam*, Assistant Prosecuting Attorney, for the people in *Anderson*.

State Appellate Defender (by *Douglas W. Baker*) for Melody T. Jones.

State Appellate Defender (by *Jacqueline J. McCann*) for Stacey R. Anderson.

Before: STEPHENS, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

HOEKSTRA, J. The defendant in Docket No. 309303, Melody Tynette Jones, pleaded guilty of attempted welfare fraud over $500, MCL 400.60. She was sentenced to 45 days in jail, and the trial court imposed a $300 fine, $1,000 in court costs, $1,556 in restitution, a $130 crime victims' rights assessment, and $68 as a minimum state cost under MCL 769.1j. The defendant in Docket No. 310314, Stacey Renee Anderson, pleaded guilty of second-degree murder, MCL 750.317. She was sentenced to 16 to 30 years' imprisonment, and the trial

court imposed a $130 crime victims' rights assessment and $68 as a minimum state cost. We granted both defendants' delayed applications for leave to appeal and consolidated the cases. Because we conclude that the imposition of the increased crime victims' rights assessment under 2010 PA 281 to offenses committed before that law's effective date is not a violation of the Ex Post Facto Clauses, we affirm.

On appeal, both defendants argue that the imposition of the $130 crime victims' rights assessment violated the Michigan and federal constitutional prohibitions of ex post facto laws. Unpreserved constitutional issues are reviewed for plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Both the United States Constitution and the Michigan Constitution prohibit ex post facto laws. US Const, art I, § 10; Const 1963, art 1, § 10. Michigan's prohibition of ex post facto laws is not more expansive than its federal counterpart. *People v Callon*, 256 Mich App 312, 317; 662 NW2d 501 (2003). "All ex post facto laws share two elements: (1) they attach legal consequences to acts before their effective date, and (2) they work to the disadvantage of the defendant." *Id.* at 318. "A statute disadvantages an offender if (1) it makes punishable that which was not, (2) it makes an act a more serious offense, (3) it increases a punishment, or (4) it allows the prosecutor to convict on less evidence." *People v Slocum*, 213 Mich App 239, 243; 539 NW2d 572 (1995).

MCL 780.905(1) governs the payment and use of crime victims' rights assessments and currently provides in relevant part:

> The court shall order each person charged with an offense that is a felony, misdemeanor, or ordinance violation that is resolved by conviction, assignment of the defendant to youthful trainee status, a delayed sentence or

deferred entry of judgment of guilt, or in another way that is not an acquittal or unconditional dismissal, to pay an assessment as follows:

(a) If the offense is a felony, $130.00.

The crime victims' rights assessment found in MCL 780.905(1) is specifically authorized by the Michigan Constitution. Const 1963, art 1, § 24(3) ("The legislature may provide for an assessment against convicted defendants to pay for crime victims' rights."). At the time both defendants committed their felony offenses, the crime victims' rights assessment under MCL 780.905, as amended by 2005 PA 315, was $60. 2010 PA 281 amended MCL 780.905, effective December 16, 2010, increasing the crime victims' rights assessment to $130 when a defendant is convicted of a felony offense. Both defendants argue that the trial court's application of the $130 crime victims' rights assessment constituted a retroactive increase in punishment and thus was prohibited by the Ex Post Facto Clauses. However, we addressed the same issue in *People v Earl*, 297 Mich App 104; 822 NW2d 271 (2012). In *Earl*, we held that the imposition of the increased assessment under 2010 PA 281 to offenses committed before that law's effective date "is not a violation of the ex post facto constitutional clauses." *Id.* at 114. *Earl*'s holding is binding under MCR 7.215(C)(2) and (J)(1). Accordingly, the trial courts did not err by imposing the $130 crime victims' rights assessment on both defendants. See *Carines*, 460 Mich at 763-764.

While defendants argue that *Earl* was wrongly decided and urge us to take steps to bring the case before a conflict panel, MCR 7.215(J)(2), we find their arguments entirely unpersuasive. Defendants argue that *Earl* relied on obiter dictum in *People v Matthews*, 202 Mich App 175, 177; 508 NW2d 173 (1993). Obiter

dictum is an incidental remark or opinion related to but unnecessary to the case. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 437; 751 NW2d 8 (2008). Addressing an alternative argument is, in fact, necessary to the disposition of a case and consequently is not obiter dictum. *Id.* This is precisely what occurred in the portion of *Matthews* relied on in *Earl*: this Court addressed two equal alternative bases for rejecting a particular argument raised by the defendant. Therefore, we reject the contention that *Earl* relied on obiter dictum.

We find nothing in the plain text of the statute or the act explicitly or implicitly setting forth the Legislature's intention regarding whether or not to make the assessment a "punishment." The fact that the assessment is imposed only if a defendant is convicted is not itself dispositive. While it may be perceived as such, it does not act as a punishment in the legal sense because it is tied to being a felon in the abstract, rather than to any specific crime. Put another way, the assessment does not " ' "make[] more burdensome the punishment for a crime," ' " *People v Russo*, 439 Mich 584, 592; 487 NW2d 698 (1992), quoting *Dobbert v Florida*, 432 US 282, 292; 97 S Ct 2290; 53 L Ed 2d 344 (1977) (citation omitted), because it simply is not a consequence of any particular crime, but is a consequence of crime itself. Tellingly, the statute provides that a defendant can be charged only one such fee per criminal case, meaning that the more felonies one is convicted of at once, the *lower* the fee charged is per felony. Thus, it is effectively the opposite of the way in which punishment is expected to operate. We are unpersuaded that *Earl* was wrongly decided.

Jones in Docket No. 309303 also argues that the trial court erred by imposing $1000 in court costs because

the trial court failed to link those court costs to the particular expenses of the case. MCL 769.1k(1) provides:

> If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred pursuant to statute or sentencing is delayed pursuant to statute:
>
> (a) The court shall impose the minimum state costs as set forth in [MCL 769.1j].
>
> (b) The court may impose any or all of the following:
>
> (*i*) Any fine.
>
> (*ii*) Any cost in addition to the minimum state cost set forth in subdivision (a).
>
> (*iii*) The expenses of providing legal assistance to the defendant.
>
> (*iv*) Any assessment authorized by law.
>
> (*v*) Reimbursement under [MCL 769.1f].

In *People v Sanders*, 296 Mich App 710, 715; 825 NW2d 87 (2012), we held that "a trial court may impose a generally reasonable amount of court costs under MCL 769.1k(1)(b)(*ii*) without the necessity of separately calculating the costs involved in the particular case . . . ." This holding is binding under MCR 7.215(C)(2) and (J)(1), and again we decline to express our disagreement with this decision given that we find Jones's arguments unpersuasive. Jones's argument that the trial court erred by failing to link the imposed court costs to the particular expenses of the case is meritless. *Id.*

Alternatively, Jones asks us to remand the case to the trial court for a hearing to establish a factual basis for the $1,000 in court costs to ensure a reasonable rela-

tionship between the costs imposed and the costs incurred in this case, as ordered by the panel in *Sanders*, 296 Mich App at 715-716. However, this alternative relief is unnecessary because we have already upheld $1,000 in court costs as having a reasonable relationship to the cost of conducting a felony case in the Berrien Circuit Court, the jurisdiction of defendant's case. *People v Sanders (After Remand)*, 298 Mich App 105, 108; 825 NW2d 376 (2012).

Affirmed.

RONAYNE KRAUSE, J., concurred with HOEKSTRA, J.

STEPHENS, P.J. *(concurring)*. The majority bases its conclusion with regard to the crime victims' rights assessment exclusively on *People v Earl*, 297 Mich App 104; 822 NW2d 271 (2012). I acknowledge that I am compelled to follow *Earl* because it is binding precedent. MCR 7.215(J)(1). However, I write separately to note that, in my view, *Earl*'s reasoning is flawed and that the majority's conclusions are therefore inconsistent with other, prior caselaw interpreting the Ex Post Facto Clause. Specifically, *Earl* concluded that the assessment is not a punishment and is therefore outside the ambit of the Ex Post Facto Clause of the Michigan Constitution. *Id.* at 114. In reaching this conclusion, *Earl* relied almost exclusively on one paragraph from *People v Matthews*, 202 Mich App 175, 177; 508 NW2d 173 (1993), in which this Court noted that the "assessment is not intended to be a form of restitution . . . ." However, because that sentence from *Matthews* was "not essential to the disposition of the case," it constitute[d] obiter dicta and lack[ed] the force of a binding adjudication." *People v Crockran*, 292 Mich App 253, 258; 808 NW2d 499 (2011). Indeed, unlike the majority and the *Earl* Court, I agree with defendants that the

assessment is a punishment because the Legislature intended for it to be a punishment. See MCL 780.905; see also *Smith v Doe*, 538 US 84, 92; 123 S Ct 1140; 155 L Ed 2d 164 (2003). The majority's conclusion is therefore contrary to prior Ex Post Facto Clause caselaw because the imposition of an additional $70 "increases [defendants'] punishment" for conduct occurring before the current version of the crime victims' rights assessment statute took effect. *People v Slocum*, 213 Mich App 239, 243; 539 NW2d 572 (1995); see also *In re Contempt of Henry*, 282 Mich App 656, 681-684; 765 NW2d 44 (2009), *People v Hill*, 267 Mich App 345, 350-352; 705 NW2d 139 (2005).