COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 26, 2015

Plaintiff-Appellee,

v

No. 319076
Wayne Circuit Court
LC No. 13-004430-FH

EZELL NATHANIEL MATSEY,

Defendant-Appellant.

Before: FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial conviction of unarmed robbery, MCL 750.530. Defendant was sentenced as a second habitual offender, MCL 769.11, to five years and six months to 22 years' imprisonment. We affirm.

Defendant first argues that the trial court's questioning of the victim at trial denied him a fair trial. We disagree. "Questions whether a defendant was denied a fair trial . . . are reviewed de novo." *People v Steele*, 283 Mich App 472, 478; 769 NW2d 256 (2009).

The trial court has the right to interrogate witnesses. MRE 614(b). The court may question witnesses to elicit additional information or clarify the witness's testimony. *People v Davis*, 216 Mich App 47, 50; 549 NW2d 1 (1996). The court must ensure that its questions are not "intimidating, argumentative, prejudicial, unfair, or partial." *Id*. In addition, when questioning witnesses, a trial court must not invade the prosecutor's role. *People v Sterling*, 154 Mich App 223, 228; 397 NW2d 182 (1986).

This Court has reviewed the record and finds no impropriety in the trial court's questioning of the victim. While defendant argues that the trial court's questioning improperly assumed that defendant was the assailant, the trial court's references to defendant as the assailant were based on the victim's earlier testimony. The trial court's questioning appeared unbiased and impartial, and appeared to be intended to elicit relevant information from the witness. Thus, we find no error in the trial court's questioning of the victim.

Furthermore, the court instructed the jury that its comments, rulings, and questions were not evidence, and that the jury should only consider the evidence when making its decision. The court also instructed the jurors, "[i]f you believe that I have an opinion about how you should decide this case, you must pay no attention to that opinion." "[J]urors are presumed to follow

-1-

their instructions, and instructions are presumed to cure most errors." *People v Mesik (On Reconsideration)*, 285 Mich App 535, 542; 775 NW2d 857 (2009) (citation omitted). Reversal is not required "where a curative instruction could have alleviated any prejudicial effect." *People v Bennett*, 290 Mich App 465, 476; 802 NW2d 627 (2010).

Defendant next argues that the trial court incorrectly scored OV 4 and OV 10. We disagree. When reviewing a scoring issue, the trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The court's application of the facts to the statutory scoring conditions is a question of statutory interpretation that is reviewed de novo on appeal. *Id.*

OV 4 should be scored with 10 points if serious psychological injury occurred to a victim that "may require professional treatment." MCL 777.34(2). "In making this determination, the fact that treatment has not been sought is not conclusive." MCL 777.34(2). There must be some evidence of psychological injury on the record to justify a score of 10 points for OV 4. *People v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012). "'The victim's expression of fearfulness is enough to satisfy the statute.'" *Id.*, quoting *People v Davenport (After Remand)*, 286 Mich App 191, 200; 779 NW2d 257 (2009). Here, the presentence investigation report (PSIR) contained a statement indicating that the victim was fearful that defendant would assault her again. In addition, there was testimony at trial that the victim was crying and upset when the police arrived on the scene after the assault, and that the victim appeared overwhelmed and scared after the incident. This evidence, and the reasonable inferences arising therefrom, was sufficient to support a score of 10 points for OV 4.

The trial court scored defendant 10 points for OV 10. OV 10 should be scored at 10 points if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). OV 10 should be scored with five points if "[t]he offender exploited a victim by his or her difference in size or strength, or both, or exploited a victim who was intoxicated, under the influence of drugs, asleep, or unconscious." MCL 777.40(1)(c). " 'Exploit' means to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). " 'Vulnerability' means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c). Points should only be assessed when it is readily apparent that a victim was vulnerable, and the existence of a factor does not automatically equate with victim vulnerability. *People v Cannon*, 481 Mich 152, 158-159; 749 NW2d 257 (2008); MCL 777.40(2).

The trial court held that the victim was "much smaller in stature, much older in age, [and] much less physically capable than [defendant] was." The exploitation of the size and the strength of the victim supports a score of five points, whereas the exploitation of a victim's age supports a score of 10 points. The evidence presented at trial showed that defendant confronted and assaulted the victim's daughter on the street. Defendant then went to the victim's apartment and robbed her. The 52-year-old victim was several years older than defendant. In addition, the victim testified at trial that she was 5'4" and 170 pounds, and that defendant was taller than her

and muscular. These facts support a score of 10 points under OV 10 because defendant exploited the victim's agedness, especially as compared to her daughter. Accordingly, there was no error in sentencing.

Defendant next argues that the trial court violated his rights under the Sixth and Fourteenth Amendments of the United States Constitution when it increased his minimum sentence range on the basis of judicially-found facts that were not submitted to a jury and proven beyond a reasonable doubt, or admitted by defendant. This Court rejected defendant's argument in *People v Herron*, 303 Mich App 392; 845 NW2d 533 (2013), and we are bound by that decision. MCR 7.215(J); MCR 7.215(C)(2). Therefore, we find no error by the trial court in this regard.[1]

Finally, defendant argues that the verdict was against the great weight of the evidence. We disagree. Because defendant failed to preserve this issue for review by moving for a new trial on the ground that the verdict was against the great weight of the evidence, we will review this issue for plain error that affected defendant's substantial rights. *People v Cameron*, 291 Mich App 599, 618; 806 NW2d 371 (2011).

The circuit court may order a new trial if it concludes the verdict is against the great weight of the evidence. MCR 2.611(A)(1)(e). A verdict is against the great weight of the evidence when "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). Defendant asserts that the jury's verdict was against the great weight of the evidence because the prosecution's witnesses presented conflicting testimony regarding certain details of the events on May 3, 2013. Questions of credibility are "within the exclusive province of the jury." *Id.* at 470. " 'Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial.' " *Id.*, quoting *People v Lemmon*, 456 Mich 625, 647; 576 NW2d 129 (1998). Conflicting testimony does not warrant a reversal unless the testimony contradicted undisputed physical facts or the witness was so far impeached that the testimony lost all probative value. *People v Roper*, 286 Mich App 77, 89; 777 NW2d 483 (2009). Having reviewed the inconsistencies cited by defendant, we note that they related to minor details. Furthermore, the inconsistencies were addressed on cross-examination and, in one instance, through a question from the jury. Defendant has not shown that inconsistences in the testimonies of the prosecution's witnesses warranted a new trial.

---

[1] In *People v Lockridge*, 304 Mich App 278; 849 NW2d 388 (2014), this Court acknowledged that it was bound by the holding in *Herron*. Recently, our Supreme Court granted leave in *Lockridge*. *People v Lockridge*, 496 Mich 852; 847 NW2d 925 (2014). It thereafter entered an order holding the application for leave to appeal in *Herron* in abeyance pending the decision in *Lockridge*. *People v Herron*, ___ Mich ___; 846 NW2d 924 (2014). A Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals. MCR 7.215(C)(2).

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen