# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHARLES TERRANCE UNDERWOOD,

        Defendant-Appellant.

UNPUBLISHED
August 9, 2016

No. 327085
Genesee Circuit Court
LC No. 10-026509-FH

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his sentence for the violation of his probation. In 2010, defendant pleaded guilty to third-degree home invasion, MCL 750.110a(4), and domestic violence, MCL 750.81(2). The trial court sentenced him as a third-offense habitual offender, MCL 769.11, to 180 days in jail with credit for 63 days served and 48 months' probation on his third-degree home invasion conviction and 93 days in jail with credit for 63 days served on his domestic-violence conviction. In 2014, he pleaded guilty to violating his probation. The trial court sentenced him on his underlying third-degree home invasion conviction to 48 months to 10 years' imprisonment. Defendant's appeal of his sentence is limited to the issue of whether the trial court correctly scored offense variable (OV) 13. We vacate defendant's sentence and remand to the trial court for resentencing.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On June 13, 2014, defendant pleaded guilty to three counts of violating his probation. Following his conviction and probation revocation, defendant was sentenced on his underlying third-degree home invasion conviction, MCL 750.110a(4), which is a class E felony under the sentencing guidelines. MCL 777.16f. According to the Sentencing Information Report (SIR), defendant's total prior record variable (PRV) score was assessed at 82 points and his total offense variable (OV) score was assessed at 40 points. These scores placed defendant at PRV Level F and OV Level IV on the class E sentencing grid. MCL 777.66. Because defendant was

---

[1] *People v Underwood*, unpublished order of the Court of Appeals, entered June 2, 2015 (Docket No. 327085).

sentenced as a third-offense habitual offender, the upper limit of the guideline range was increased by 50%. MCL 769.11; MCL 777.21(3)(b). Consequently, defendant's recommended minimum sentence range under the legislative guidelines was determined to be 19 to 57 months. See MCL 777.66; MCL 777.21(3)(b).

As relevant to this appeal, defendant was assessed 25 points for OV 13 (Continuing Pattern of Criminal Behavior). MCL 777.43. Neither the SIR nor the Presentence Investigation Report (PSIR) explains the basis for assessing 25 points for OV 13. However, 25 points are to be assessed for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person," MCL 777.43(1)(c), or if the offense was part of a pattern of certain types of gang-related felonious criminal activity, MCL 777.43(1)(b).[2] MCL 777.43(2)(a) provides, "For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." According to the PSIR, defendant committed his sentencing offense, third-degree home invasion, on February 18, 2010, and he committed five criminal offenses, including the sentencing offense, during the five-year period preceding the sentencing offense: driving with a suspended license on April 26, 2007; aggravated assault, which was originally charged as felonious assault, on September 25, 2007; assaulting an officer on September 25, 2007; third-degree home invasion, which was originally charged as first-degree home invasion, on February 18, 2010; and domestic violence on February 18, 2010. All other offenses in defendant's criminal history were committed outside of any five-year period that includes the sentencing offense. Defendant was sentenced within the guidelines range to 48 months to 10 years' imprisonment, as previously noted.

After sentencing, defendant moved the trial court to correct an invalid sentence. The trial court treated the motion as one for resentencing. At the motion hearing, defense counsel requested resentencing and asserted that OV 13 should have been scored at zero points because there was not a pattern of felonious conduct. Defense counsel argued that the felony charges that were dismissed in defendant's previous cases could not be used as a basis for scoring OV 13, because the prosecution did not introduce sufficient evidence to show by a preponderance of the evidence that felonious conduct had occurred, and that the prosecution's argument that a particular crime could have been charged as a felony was not sufficient to justify counting the particular crime as felonious conduct.

The trial court denied defendant's motion. In denying the motion, the trial court found that the score for OV 13 was supported by the offenses in the record, "including [offense number] twenty of twenty-two [i.e., the aggravated assault originally charged as felonious

---

[2] Specifically, 25 points may be assessed for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity directly related to causing, encouraging, recruiting, soliciting, or coercing membership in a gang or communicating a threat with intent to deter, punish, or retaliate against another for withdrawing from a gang." MCL 777.43(1)(b). There is no evidence of gang-related activity in this case.

assault], [offense number] twenty-one of twenty-two [i.e., the assaulting an officer conviction], and this with charges in this court [the third-degree home invasion conviction]."

This appeal followed.

## II. STANDARD OF REVIEW

Issues involving "the proper interpretation and application of the legislative sentencing guidelines, MCL 777.11 *et seq.* . . . are legal questions that this Court reviews de novo." *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citation omitted).

## III. ANALYSIS

Defendant argues that the trial court erred by assessing 25 points, instead of zero points, for offense variable (OV) 13 because the prosecution did not establish by a preponderance of the evidence that defendant committed three or more acts that could be categorized as felony crimes against a person. The prosecution concedes that the score for OV 13 was not supported by a preponderance of the evidence and that resentencing is required. We agree with the parties.

The instructions for scoring OV 13 are found in MCL 777.43, which provides in relevant part:

(1) Offense variable 13 is continuing pattern of criminal behavior. Score offense variable 13 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

\* \* \*

(c) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person ................................................................. 25 points

\* \* \*

(g) No pattern of felonious criminal activity existed ................................. 0 points

(2) All of the following apply to scoring offense variable 13:

(a) For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction.

Conduct for which a defendant has not been convicted may be considered for OV 13 purposes, MCL 777.43(2)(a). However, before such crimes are used as the basis for a score under OV 13,

-3-

"the prosecution must prove by a preponderance of the evidence that the crimes actually took place, that the defendant committed them, that they are properly classified as felony 'crimes against a person,' MCL 777.43(1)(c), and that they occurred 'within a 5–year period' of the sentencing offense, MCL 777.43(2)(a)." *People v Butler*, 498 Mich 859; 865 NW2d 29 (2015) (vacating the defendant's sentence and remanding for resentencing where the defendant was assessed 25 points for OV 13 "based on out-of-state charges or accusations" but there were no facts in the record to support the score).

Relatedly, "[a] sentencing court is free to consider charges that were earlier dismissed, if there is a preponderance of the evidence supporting that the offense took place." *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013). In *Nix*, we held "that a court may consider the charges against a defendant dismissed as a result of a plea agreement in scoring OV 13." *Id*. The defendant in *Nix* was convicted of two counts of second-degree child abuse and was assessed 25 points for OV 13 under MCL 777.43(1)(c) based on those two convictions and an act of felonious assault occurring three days before the acts of child abuse. *Id*. at 197, 204. The defendant argued that his prior act of felonious assault should not have been used as the third felony crime against a person to justify the assessment of 25 points under OV 13 because he ultimately pleaded guilty to possession of a firearm by a felon, which is a public safety offense. *Id*. at 204-205. We noted that at the defendant's trial on the child-abuse charges, the "defendant admitted that he had fled from the deputy because three days earlier he had aimed a rifle at his cousin following an argument" and that "[t]he trial court also relied on the victim's statement in the presentence investigation report (PSIR) related to the earlier felonious assault charge that defendant had aimed a rifle at him." *Id*. at 205. We found that the trial court "acted within its discretion" by concluding that the defendant's conduct satisfied the elements of felonious assault, and that it was proper for the trial court to use this conduct by defendant for purposes of assessing points under OV 13 even though defendant had pleaded guilty to a different offense. *Id*. at 205-206.

Similarly, in *People v Earl*, 297 Mich App 104, 110-111; 822 NW2d 271 (2012), we rejected the defendant's argument that the trial court improperly counted a dismissed bank-robbery charge as the third offense to support assessing 10 points for OV 13. We noted that the PSIR indicated that in the dismissed bank-robbery case, the defendant was identified by his parole agent as the offender and was arrested; the prosecutor introduced surveillance photographs from the dismissed case at sentencing for the current offense; and that, while the prior case was dismissed, there was no indication the case was dismissed due to lack of probable cause. *Id*. We affirmed the scoring of OV 13, stating that "[i]n light of the unchallenged evidence presented at sentencing regarding the [dismissed] bank robbery [case], there was enough evidence for the trial court to assess 10 points for OV 13." *Id*. at 111.

In the instant case, defendant concedes that his third-degree home invasion conviction should be counted as one of the three felony crimes against a person that is required before 25 points may be assessed for OV 13. For the remaining two acts of felonious criminal activity, the trial court relied on conduct from 2007: defendant's charge of felonious assault, which subsequently resulted in a conviction by guilty plea to the misdemeanor of aggravated assault, and defendant's assault of a police officer, for which defendant was apparently convicted under a local Flint ordinance rather than Michigan statute.

With respect to defendant's aggravated assault conviction, the prosecution failed to prove by a preponderance of the evidence that defendant engaged in felonious conduct to support counting this offense under OV 13. The fact that defendant was charged with felonious assault, even though he was not convicted of that crime, can permissibly be used for OV 13 purposes "if there is a preponderance of the evidence supporting that the offense took place." *Nix*, 301 Mich App at 205. However, the prosecution did not provide any additional evidence of the conduct underlying defendant's aggravated assault offense that would allow the trial court to conclude by a preponderance of the evidence that the conduct could be classified as a felony crime against a person. Instead, the prosecution relied solely on the fact that defendant was originally charged with a felony and pleaded guilty to similar conduct classified as a misdemeanor. A comparison of the felonious assault statute, MCL 750.82, and aggravated assault statute, MCL 750.81a, shows that a primary difference between the two crimes is the use of a dangerous weapon: a conviction for felonious assault requires the prosecution to prove that the defendant used a dangerous weapon to commit the assault, MCL 750.82, while the aggravated assault statute applies when a defendant commits an assault without a weapon and inflicts serious or aggravated injury, MCL 750.81a. Thus, a guilty plea to aggravated assault, by itself, clearly does not establish that a felonious assault occurred because such a plea provides no evidence that a weapon was used in the assault. See MCL 750.82; MCL 750.81a; *Avant*, 235 Mich App at 505.

With regard to the nature of the conduct underlying defendant's conviction under the Flint ordinance, the record does not contain an official version of the local ordinance under which defendant was convicted, or a description of the conduct engaged in by defendant that resulted in the charge under that ordinance. It is thus not clear that defendant, by pleading guilty to violation of this ordinance, admitted to conduct that would satisfy a felony conviction under either of Michigan's statutes providing felony penalties for assaulting a police officer. See MCL 750.81d and MCL 750.479. We are not prepared to state on such a limited record that the trial court's decision was supported by a preponderance of the evidence concerning this conviction.

Therefore, the evidence is insufficient to conclude that defendant's prior conduct is "properly classified as *felony* 'crimes against a person" to be used as support for assessing 25 points for OV 13. See *Butler*, 498 Mich at 859 (emphasis added). The trial court erred in assessing 25 points for OV 13 because the prosecution failed to demonstrate "a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c).

Because defendant's original sentence was based on an inaccurately calculated guidelines range, and the assessment of zero points for OV 13 would alter his recommended guidelines range, he is entitled to be resentenced. *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006). On remand, the prosecution may introduce additional evidence that defendant's prior conduct constituted felonious activity for purposes of assessing points under OV 13 because the decision to reverse a sentence and remand for resentencing "place[s] this case in a presentence posture." *People v Ezell*, 446 Mich 869; 522 NW2d 632 (1994). And, of course, the trial court on resentencing must treat the sentencing guidelines as advisory, rather than mandatory, per *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015).

Remanded for resentencing under properly calculated guidelines. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra