C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CLIFTON JAMES MERRIWEATHER,

Defendant-Appellant.

UNPUBLISHED
November 16, 2017

No. 333040
Oakland Circuit Court
LC No. 2015-257047-FH

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of possession with intent to deliver 50 grams or more but less than 450 grams of heroin and/or fentanyl, MCL 333.7401(2)(a)(*iii*). Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 15 to 60 years in prison. We affirm.

I. FACTS

On January 23, 2015, at approximately 7:00 p.m., Michigan State Police troopers Adam Diroff and Ronald Darling were in a marked patrol vehicle near the intersection of Eight Mile and Wyoming in Royal Oak Township. The troopers were moving southbound and approaching a stop sign leading to Eight Mile. Diroff and his partner noticed a beige Buick with an unmuffled exhaust driving westbound, and observed it make an illegal right-hand turn from the nonturning lane into a parking lot. Diroff activated his emergency lights and signaled the Buick to stop.

The troopers asked the two occupants of the vehicle for identification and discovered that the Buick was registered to the driver's (Wynn) father. Defendant was in the passenger seat. After noticing that Wynn was behaving with extreme nervousness, Diroff asked him to consent to a search of the vehicle, to which Wynn agreed. Also during this time, the officers found that defendant had an unpaid traffic ticket. Diroff removed defendant from the Buick and placed him in the patrol car while Darling conducted the search. During the search, Darling found under the front passenger seat a clear plastic bag that contained an off-white powdered substance, which the troopers suspected was heroin. The approximate weight of the suspected heroin, including the packaging it was seized in, amounted to 152 grams. A later analysis at the Michigan State Police Crime Laboratory stated that the substances were heroin and fentanyl that weighed 147.8 grams. Defendant was arrested and searched by Diroff, who found two large wads of cash in his

front pockets that amounted to $3,066 in small denominations. Defendant was given his *Miranda*[1] warnings and questioned about his whereabouts that day. Defendant and Wynn both gave different accounts regarding where they were going to or coming from prior to the traffic stop.

## II. ANALYSIS

### A. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecution failed to present legally sufficient evidence to convict him of possession with intent to deliver 50 grams or more but less than 450 grams of heroin and/or fentanyl.

This Court reviews a challenge to the sufficiency of the evidence in a jury trial de novo. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). The evidence is viewed "in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *Id.*

MCL 333.7401 provides, in pertinent part:

(1) Except as authorized by this article, a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form. A practitioner licensed by the administrator under this article shall not dispense, prescribe, or administer a controlled substance for other than legitimate and professionally recognized therapeutic or scientific purposes or outside the scope of practice of the practitioner, licensee, or applicant.

(2) A person who violates this section as to:

(a) A controlled substance classified in schedule 1 or 2[2] that is a narcotic drug or a drug described in section 7214(a)(*iv*) and:

* * *

(*iii*) Which is in an amount of 50 grams or more, but less than 450 grams, of any mixture containing that substance is guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than $250,000.00, or both.

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] Heroin is a schedule 1 drug, MCL 333.7212(b), and fentanyl is a schedule 2 drug, MCL 333.7214(b).

Defendant disputes only the "possession" element of the crime. He argues that because the evidence connecting him to the drugs is circumstantial, his possession of the drugs cannot be conclusively determined. However, circumstantial evidence, along with the inferences that can be made from that evidence, can constitute proof of the elements of a crime. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Thus, a defendant may still be convicted even if the evidence supporting conviction is purely circumstantial. *Id.*

Defendant's argument turns primarily on whether he constructively possessed the drugs. Although the testimony showed that defendant did not have actual physical control over the drugs because they were located under the passenger seat, a rational fact-finder could conclude that defendant had constructive possession over the drugs. An individual does not need to have actual control in order to maintain possession. *People v Wolfe*, 440 Mich 508, 519-520; 489 NW2d 748 (1992). Constructive possession is determined based on whether an individual has a right to exercise control over an object and is aware of its presence. *People v Konrad*, 449 Mich 263, 271-272; 536 NW2d 517 (1995). Finding that an individual constructively possesses drugs requires more than the mere fact that the individual may be in the presence of those drugs. *Wolfe*, 440 Mich at 520. "[C]onstructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Id.* at 521.

Here, defendant was seated directly over the heroin, with the bag underneath his seat near the Buick's center console. Darling testified that the bag was within easy reach of defendant. Testimony from an expert witness indicated that drug dealers often carry large quantities of money, and defendant had $3,066 on his person when he was searched. Although no drug residue was found on defendant's person, a drug sniffing canine searched the money and the bag of suspected heroin, and both items returned positive hits. Accordingly, even though defendant did not have exclusive possession or control of the car, based on the totality of the circumstances, a rational fact-finder could conclude that he did have constructive possession of the heroin underneath the seat.

## B. DENIAL OF EVIDENTIARY HEARING

We also reject defendant's next argument that the trial court erred in summarily refusing to consider his motion to suppress evidence without conducting an evidentiary hearing.

This Court reviews a trial court's decision on a motion to suppress de novo. *People v Steele*, 292 Mich App 308, 313; 806 NW2d 753 (2011). All factual findings related to the motion to suppress are reviewed for clear error. *Id.* A factual finding is clearly erroneous if it "leaves the Court with a definite and firm conviction that the trial court made a mistake." *Id.*

Although defendant argues on appeal that a passenger has standing to challenge the constitutionality of a stop,[3] he admits that the traffic stop appears to have been valid. As long as

---

[3] In order to challenge the validity of the search of a vehicle, a defendant must have a legitimate expectation of privacy in that vehicle that society would be willing to accept as reasonable. *People v Earl*, 297 Mich App 104, 107-108; 822 NW2d 271 (2012), aff'd 495 Mich 33 (2014).

an officer has probable cause to believe that a traffic violation occurred or is occurring, a traffic stop is constitutionally valid. *People v Davis*, 250 Mich App 357, 363; 649 NW2d 94 (2002). Because Diroff testified that he heard the Buick's loud muffler and observed the car make an illegal right turn into a parking lot prior to making the stop, the stop was valid.

Defendant argues that he was entitled to an evidentiary hearing to determine whether the length of the stop was unreasonable. However, there are no disputed material facts and the duration of the stop does not appear to have been unreasonable in length, and the troopers did not prolong the stop without cause. The reasonableness of a traffic stop is dependent upon the nature of the stop. See *People v Williams*, 472 Mich 308, 315; 696 NW2d 636 (2005). An officer is permitted to extend a stop long enough to resolve any reasonable suspicion created by the progressing circumstances. *Id.* This can include questions related to where the driver is traveling, and follow-up questions if the individual's answers are suspicious. *Id.* at 316. Here, Wynn's nervous behavior and the fact that he and defendant gave different accounts regarding their destination created suspicion that justified prolonging the traffic stop to investigate further.

Affirmed.


/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

---

A reasonable expectation of privacy in a vehicle requires that defendant have a property or possessory interest in the vehicle. *Id*. As a passenger in a car owned by Wynn's father, defendant had no property or possessory interest in the vehicle. Because defendant lacked the requisite property or possessory interest in the vehicle, he lacked standing to challenge the search. *Id.* Any challenge defendant could offer against the search is further negated by Wynn's consent to a search of the vehicle. See *People v Brown*, 279 Mich App 116, 131; 755 NW2d 664 (2008).