# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
June 21, 2016

v

HOWELL JAMES MCCULLUM,

Defendant-Appellant.

No. 326050
Oakland Circuit Court
LC No. 2014-250477-FH

Before: JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of felon in possession of a firearm ("felon-in-possession"), MCL 750.224f, four counts of possession of a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b, possession of Vicodin, MCL 333.7403(2)(b)(*ii*), possession of Xanax, MCL 333.7403(2)(b)(*ii*), and possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*). The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 2 to 25 years' imprisonment for the felon-in-possession conviction, two years' imprisonment for each felony-firearm conviction, 2 to 15 years' imprisonment for the possession of Vicodin conviction, 2 to 15 years' imprisonment for the possession of Xanax conviction, and 2 to 15 years' imprisonment for the possession of less than 25 grams of heroin conviction. We affirm.

## I. FACTUAL BACKGROUND

This case arises from the April 23, 2014 execution of a search warrant at defendant's residence in Pontiac, Michigan. Defendant had been the focus of an ongoing narcotics investigation and "pre-raid" surveillance. That surveillance confirmed that defendant lived at 486 Colorado Avenue in Pontiac, Michigan, and that he was involved in the sale of narcotics. Auburn Hills Detective Charles Janczarek was the officer in charge of the investigation into defendant's activities, and he was the affiant of the affidavit for the search warrant for 486 Colorado Avenue. The search warrant was secured before the Narcotics Enforcement Team ("NET") executed it at the address.

After meeting with the team, Janczarek parked his squad car one block south of 486 Colorado Avenue and waited for defendant to come home so that the NET could execute the search warrant while defendant was present. After waiting approximately one hour, Janczarek watched defendant exit a vehicle that pulled up in front of the residence and use a key to enter

the home. Janczarek notified the other officers that defendant had arrived, and the NET entered the residence after knocking and announcing their presence. The officers secured the area, searched the residence, and apprehended defendant in the backyard.

In addition to documents confirming defendant's residency at 486 Colorado Avenue and other items, a loaded 12-gauge shotgun, a "410 . . . bolt action shotgun," a box of 12-gauge shotgun shells, two 16-gauge shotgun shells, an unlabeled pill bottle containing what was later confirmed to be 64 Xanax pills and 15 Vicodin pills, heroin, and a digital scale were seized at the house. The search of defendant following his arrest revealed a cell phone, $35 in cash, two bridge cards that belonged to someone other than himself, and keys that unlocked the front door of the residence.

## II. FAILURE TO GRANT A *GINTHER* HEARING

Defendant's sole claim on appeal is that the trial court erred in denying his motion for a *Ginther*[1] hearing because such a hearing was necessary for defendant to prove that defense counsel was ineffective when he (1) failed to request a *Franks*[2] hearing to challenge the validity of the search warrant affidavit and (2) failed to file a motion to suppress the evidence discovered during the search on the basis that the search was completed without a warrant and without probable cause. We disagree.

## A. STANDARD OF REVIEW AND APPLICABLE LAW

An ineffective assistance of counsel claim is a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review a trial court's findings of fact for clear error and review questions of constitutional law *de novo*. *Id*. When the trial court does not hold a *Ginther* hearing, our review is limited to mistakes apparent from the record. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

"[A] trial court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion." *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. at 217.

The United States and Michigan Constitutions guarantee a defendant the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. In order to prove that counsel provided ineffective assistance, a defendant must demonstrate that (1) " 'counsel's representation fell below an objective standard of reasonableness,' " and (2) defendant was prejudiced, *i.e.*, "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669-671; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "A defendant must also show that the result that did

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

occur was fundamentally unfair or unreliable." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (quotation marks and citation omitted). Trial counsel is strongly presumed to employ a sound trial strategy, *People v Riley* (*After Remand*), 468 Mich 135, 140; 659 NW2d 611 (2003), and "[t]his Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight," *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008) (quotation marks and citation omitted). An unsuccessful trial "strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). Furthermore, trial counsel is not ineffective for failing to file a motion that would have been futile. *People v Fonville*, 291 Mich App 363, 384; 804 NW2d 878 (2011).

A defendant "bears the burden of establishing the factual predicate for his claim." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015) (quotation marks and citation omitted). The purpose of a *Ginther* hearing is to provide an opportunity for a defendant to establish facts or produce evidence that will assist him in establishing an ineffective assistance of counsel claim. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999); *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973). As such, a defendant is entitled to a *Ginther* hearing if he can show that further development of facts separate from the record is necessary to advance an ineffective assistance claim for appeal. See *Ginther*, 390 Mich at 443. A trial court's denial of a defendant's request for a *Ginther* hearing does not warrant relief if this Court is not persuaded that further factual development would advance the defendant's claim. See *People v Chapo*, 283 Mich App 360, 368-369; 770 NW2d 68 (2009).

B. ANALYSIS

Defendant has failed to establish that the trial court abused its discretion when it denied his motion for a *Ginther* hearing. He also has failed to demonstrate that defense counsel was ineffective when he failed to request a *Franks* hearing and failed to file a motion to suppress the evidence seized during the search of 486 Colorado Avenue.

In order to be entitled to a *Franks* hearing, a defendant must "make[] a substantial preliminary showing that a false statement [made] knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause[.]" *People v Martin*, 271 Mich App 280, 311; 721 NW2d 815 (2006), quoting *Franks v Delaware*, 438 US 154, 155-156; 98 S Ct 2674, 2684; 57 L Ed 2d 667 (1978). The affidavit supporting a search warrant is presumed valid, so a "challenge must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Id.*, quoting *Franks*, 438 US at 171.

Defendant contended in his motion for a new trial or a *Ginther* hearing that defense counsel should have moved for a *Franks* hearing "to expose the affidavit for a search warrant that was deliberately false or in reckless disregard for the truth." However, he did not identify any factual allegations or portions of the search warrant affidavit that were deliberately false or

that were made in reckless disregard for the truth, as required to demonstrate that a *Franks* hearing is warranted. *Franks*, 438 US at 171. Although the prosecution provided the search warrant and supporting affidavit for our review after oral argument on appeal, we find it impossible to deduce which portions of the affidavit defendant is contesting based on defendant's "offer of proof," which he included in the text of his motion:

> Defendant will testify that on April 23, 2014 between 1:00 p.m. and 2:00 p.m. he was dropped off by Tarrell Jones at 486 Colorado Street, Pontiac, Michigan; that about 5 minutes after entry into the home, law enforcement entered as Defendant had exited the back door to let the dog out; that Defendant was arrested and detained and nothing illegal was found on his person; that Defendant was living at 77 Osmun Pontiac, Michigan during this time; that Defendant was placed in the police car; and that an hour and a half later, Narcotics Enforcement Team (NET) members arrived back on the scene with the warrant.

Thus, defendant's own allegations fail to provide any basis for concluding that defense counsel should have requested a *Franks* hearing, and there was no reason for the trial court to hold a *Ginther* hearing on this claim of ineffective assistance. See *Franks*, 438 US at 171.[3]

Instead, it appears that the crux of defendant's claim was that his Fourth Amendment rights were violated because the police performed a warrantless search and arrest, without any probable cause for such a search, and defense counsel was ineffective because he failed to file a motion to suppress the fruits of the search. See *People v Earl*, 297 Mich App 104, 107; 822 NW2d 271 (2012) ("The basic rule is that searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.") (quotation marks and citation omitted), aff'd 495 Mich 33 (2014).

The trial court did not abuse its discretion in failing to hold a *Ginther* hearing on this claim. See *Unger*, 278 Mich App at 216-217. Defendant baldly asserted in his motion for a *Ginther* hearing that the Narcotics Enforcement Team arrived with the search warrant an hour

---

[3] Further, even if defendant had identified the portion of the affidavit claimed to be false, defendant's conclusory statements in his motion were insufficient to show that a *Franks* hearing was warranted. In *Franks*, 438 US at 171, the United States Supreme Court stated that, in order to show that an evidentiary hearing on the validity of the search warrant affidavit is required, "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. . . . Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." Defendant's claims in his motion regarding what he would allegedly testify to under oath, unsupported by *any* other evidence in the record, do not rise to the level of a "reliable statement" that would constitute "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," especially given the fact that defendant did not explain the absence of a sworn or otherwise "reliable" statement. *Id*. at 155-156, 171.

and a half after he was arrested and the home was searched. His claim is completely contradicted by the record. The search warrant and affidavit provided for our review on appeal clearly shows that the judge issued the warrant at 1:25 p.m. Likewise, the testimony presented at trial confirmed that the search warrant was obtained before the search was performed at 4:00 p.m. that day. As such, it is not apparent that further factual development would have advanced defendant's ineffective assistance of counsel claim. See *Hoag*, 460 Mich at 6; *Ginther*, 390 Mich at 443-444. Accordingly, the trial court's decision to deny defendant's request for a *Ginther* hearing did not fall outside the range of principled outcomes, and we decline defendant's invitation to remand this case for such a hearing because we are not persuaded that further factual development would advance his claim. See *Chapo*, 283 Mich App at 368-369; *Unger*, 278 Mich App at 216-217. For the same reasons, we conclude that defense counsel had no evidentiary basis for filing a motion to suppress on the basis of a warrantless search, and his failure to make a futile motion did not constitute ineffective assistance of counsel. See *Fonville*, 291 Mich App at 384.

Even if the trial court had granted defendant's request for a *Ginther* hearing, and defendant provided testimony consistent with the "offer of proof" in the text of his motion, we find no basis for concluding that defendant would have demonstrated, through further factual development, that defense counsel was ineffective because he failed to file a motion to suppress, or that the outcome of the proceeding would have been different but for defense counsel's failure to file such a motion. See *Vaughn*, 491 Mich at 669-671. The trial court expressly rejected defendant's ineffective assistance claim as meritless, and it is apparent that the court discredited defendant's version of the events in his motion. See *Trakhtenberg*, 493 Mich at 47 (stating that we review a trial court's findings of fact for clear error). Again, there is no basis in the record—apart from defendant's self-serving assertions in his motion for a new trial—for concluding that the evidence presented at trial was the result of a warrantless search. Rather, the record shows, based on the face of search warrant and the officers' testimony at trial, that the search warrant was signed at 1:25 p.m. and executed at 4:00 p.m.

The evidence presented at trial clearly demonstrates that the police had probable cause to seek a warrant to search the house at 486 Colorado Avenue. "Probable cause to issue a search warrant exists where there is a 'substantial basis' for inferring a 'fair probability' that contraband or evidence of a crime will be found in a particular place," *People v Kazmierczak*, 461 Mich 411, 417-418; 605 NW2d 667 (2000), or "when the facts and circumstances would allow a reasonable person to believe that the evidence of a crime or contraband sought is in the stated place." *People v Waclawski*, 286 Mich App 634, 698; 780 NW2d 321 (2009). Here, Janczarek testified, and the search warrant affidavit confirms, that he conducted surveillance on defendant, who was the target of a narcotics investigation, for approximately one month before seeking a search warrant. During that time, Janczarek observed defendant coming and going from the 486 Colorado Avenue residence on multiple occasions and noticed that vehicles driven by defendant were never present at 77 Osmun Street. Janczarek also explained on the record, in response to the trial court's further inquiry into the basis for the search warrant at the end of the trial, that defendant had an extensive criminal history in dealing drugs and that defendant made a delivery of heroin from the 486 Colorado Avenue residence. Thus, it is apparent from the existing record that Janczarek, who was acting as the affiant, had probable cause to seek the search warrant at issue in this case.

Defendant is unable to demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different if defense counsel had filed a motion to suppress. See *Vaughn*, 491 Mich at 669-671.

## III. CONCLUSION

Defendant has failed to establish that any of his claims on appeal warrant relief.

Affirmed.

/s/ Kathleen Jansen
/s/ Peter D. O'Connell
/s/ Michael J. Riordan

-6-